## SMITH *v.* THE STATE.

110 255
Case 1
114 850

LUMPKIN, P. J. 1. When the State undertakes to lay the foundation for proving dying declarations, it is the duty of the presiding judge to pass upon the testimony offered for this purpose, and to determine therefrom whether or not evidence of the alleged declarations is admissible. *Campbell* v. *State,* 11 *Ga.* 376; *Dumas* v. *State,* 62 *Ga.* 58; *Mitchell* v. *State,* 71 *Ga.* 128; *Von Pollnitz* v. *State,* 92 *Ga.* 16.

2. It is not, after so doing and after allowing such evidence to be introduced, erroneous to instruct the jury that "it is the duty of the court to determine from the preliminary examination whether or not the evidence is admissible; . . but if the jury conclude that, though admitted to them by the judge, the person so making the statement was not in the article of death, or was not conscious of his condition at the time, or if the statement as claimed to be made was not the true statement made, then the jury would not be authorized to consider that as a dying declaration, though it was so claimed as tending to incriminate the defendant." The use of such language as that just quoted is not violative of the statute forbidding the judge from expressing or intimating an opinion concerning the evidence.

3. The evidence warranted the verdict, and the record discloses no cause for reversing the judgment denying a new trial.

*Judgment affirmed. All the Justices concurring.*

Argued October 4, — Decided October 26, 1899.

Indictment for murder. Before Judge Felton. Houston superior court. July 17, 1899.

R. N. *Holtzclaw,* for plaintiff in error. J. M. *Terrell,* attorney-general, and *Robert Hodges,* solicitor-general, contra.