## Josephus Willoughby v. Territory of Oklahoma.

(Filed February 15, 1906.)

1. HOMICIDE—Dying Declarations. In a criminal case, the question of the competency of dying declarations offered in evidence is, in the first instance, a question of law for the court, and the court must pass upon the competency of such evidence as a question of law.

2. SAME—Submission to Jury, Error, When. In the trial of a criminal case, the court's failure or refusal to pass upon the question of the competency as evidence of dying declarations, and the submission of such declarations to the jury without first passing upon their competency, would be error.

3. SAME—Instruction. Where in the trial of a criminal case, the court as a matter of law passes upon the competency of dying declarations and finds that they are competent to be submitted to the jury, and they are submitted to the jury, it is not error for the court by an instruction, to again submit the question of the competency of such declarations to the jury for their consideration.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Chambers, Taylor & Hooker,* for plaintiff in error.

*P. C. Simons, Attorney General,* for defendant in error.

Opinion of the court by

PANCOAST, J.: On August 15, 1904, the plaintiff in error was indicted by a grand jury of Oklahoma county for the crime of murder, and on the 12th day of December following, after demurrer and motion to quash the indictment had been overruled, a trial was had upon the indictment, a verdict of guilty of murder was returned by the jury, and the plaintiff in error was sentenced to life imprisonment in the territorial penitentiary, from which judgment of conviction he appeals to this court, assigning two grounds of error.

The first is that the court erred in submitting the question of the admissibility of a dying declaration of the deceased, and its consideration, to the jury, and in giving the following instruction upon that proposition:

"You are further instructed that the prosecution has sought in this case to prove certain statements, which it is claimed the deceased made a short time prior to his death, as his dying declaration; and in this connection, you are instructed, that under the law, before these statements can be considered by you, you must be able to find in the light of all the facts and circumstances appearing upon the trial, that at the very time these statements were made (if you find they were made) the deceased had given up all hope of recovery and believed that he would die; and even should you find such statements were made, and under the conditions which render them admissible, you are to determine as to whether or not the deceased was correctly understood by the witnesses and what he said was correctly detailed by them; and should you find all these facts in favor of the prosecution, you are not bound to believe the facts stated in such dying declaration as true, but you should weigh such statements and consider them together with all the other evidence in the case."

It is claimed: First, that the court submitted the dying declaration introduced in evidence in this case to the jury, upon the theory that it was a matter to be decided and passed upon by the jury in the first instance, and that the court did not first pass upon the question as a matter of law to determine its competency, but left the whole question to the jury; and second, that the court erred in not considering the admission of the dying declaration as a question of law to be determined solely by the court.

The record discloses that when the Territory offered its preliminary evidence to lay the foundation for the instruction of the dying declaration that the court excluded the jury, and heard the evidence, and after hearing all that was offered upon that subject, he ordered the jury brought into court, and the whole of the evidence was again introduced in the presence of the jury. While there is no affirmative announcement by the court that the evidence was deemed sufficient as a matter of law to make the dying declaration competent evidence to go to the jury, yet it is shown conclusively that the court took the usual method in such cases, by excluding the jury and hearing all that was offered upon that subject. It seems clear that if the court had not arrived at the conclusion that the necessary foundation had been laid to make this evidence competent, it would all have been excluded. And from a careful examination of the record, we think that the court could very readily have come to such conclusion. The evidence showed that the deceased had received a mortal wound, and did in fact die within a few hours after the declaration was made. The only question that required any serious consideration by the court was as to whether or not the deceased believed that there was no

Willoughby v. Territory.

hope of recovery, and that death was impending and the record upon this subject discloses that the physician who performed the operation had told him that he could not recover. This information was conveyed to the deceased by the physician more than once, and statements were made to one or two witnesses by the deceased, after he had received information as to the nature of the wound, that he believed he was about to die. The statements of the deceased as to his belief that he could not live, and that death was imminent, are in no wise contradicted, so that the court could not have arrived at any other conclusion than that the dying declaration was competent evidence to go to the jury.

It will be borne in mind that there is no objection to the competency of this evidence. Counsel do not claim that the court improperly admitted it, but claim that the court did not pass upon it in the first instance, and also that the court erred in allowing the jury to pass upon it.

Under a long line of decisions, the courts have uniformly held that the question of the competency of dying declarations in a criminal case is in the first instance a question of law for the court, and that the court must pass upon the competency of such evidence as a question of law, or, as some courts hold, as a mixed question of law and fact; and if the court had in this case refused or failed to pass upon the question in the first instance, and had permitted the evidence to go to the jury without first having passed on its competency, it would have been error.

While, as before stated, there is no affirmative announcement by the court to the effect that he considered the preliminary evidence sufficient, yet the fact that the court, when objections were made to this preliminary evidence, excluded

the jury from the room and heard the entire statements of the witnesses, and the fact that the evidence is sufficient to warrant a conclusion by the court that the proper foundation for the dying declaration had been laid, and the fact that the court recalled the jury and again heard the evidence in detail, leads us to the conclusion that the court did in fact pass upon the sufficiency of the foundation laid for the introduction of the declaration.

The question then arises, did the court err in submitting the matter to the consideration of the jury? There is some conflict in the decisions of the several states upon the question as to whether or not when dying declarations are sought to be introduced, the court should hear the evidence laying the foundation for the introduction of such declaration, and treat the matter as a question of law solely for the court, or after passing upon the question in the first instance should finally submit it to the jury.

By the English courts and by a large majority of the decisions of the several states, the question is held to be one for the court, and is treated either as purely a question of law for the court, or as one of mixed law and fact for the court. There are a few decisions, however, which are to the contrary, and which hold that the matter should be passed upon by the court in the first instance and afterwards submitted to the jury for their consideration, as any other question of fact. The principal decisions holding this theory are: *Commonwealth v. Brewer,* 164 Mass., 577; *Smith v. State,* 110 Ga., 255; and *State v. Reed,* 53 Kans., 767.

There are some other courts holding the same view, the decisions of which are entitled to consideration, and still others, viz: intermediate appellate courts, which seem to be

in conflict with the court of last resort in such states.   In Georgia, it seems the decisions are based upon the peculiar statutes of that state, and there is a line of decisions in harmony with the rule laid   down.   In Massachusetts   there seems to be but the one case, but the court there holds it is in accordance with the settled practice of that state, that when the admissibility of evidence depends upon a collateral fact, the regular course is for the court to pass upon the preliminary fact ·in the first instance, and then, if it admits the evidence, to instruct the jury to exclude it if they should be of a different opinion on the preliminary matter.   In the Kansas case, an instruction was asked by the defendant, and refused, to the effect that the question of whether a . dying declaration was made under a sense of impending death and the admissibility of the same should be left to the consideration of the jury, but the trial court instructed the jury that such question was one solely for the court.   The supreme court, treating the matter as one for the consideration of the jury, held the instruction of the trial court to be error.

It will be noticed here that the question is not raised in such a form as to require this court to decide which of the two rules is the proper one, but we are called upon to decide only whether or not the instruction as given was prejudicial to the rights of the defendant and therefore error.   No objection is made to the instruction because of any language it contains, and we take it it is conceded that if the question is a proper one to be submitted to the jury at all, that the instruction given was correct.   It might be asked, what injury or prejudice could there be to the rights of a defendant by submitting this question to the jury, after the court has passed upon it as a preliminary matter?   In what way

could a defendant's interest be affected thereby? Had the court in this case held that the matter was one of law for the court alone, and had the question not been submitted to the jury for its consideration, the matter would have been ended there, subject, of course, to be reviewed by this court; but having submitted the matter to the jury, under proper instruction, the court gave the defendant a second opportunity to be heard upon the proposition, and a second chance to have the evidence excluded. The only result that could flow from this was either for the jury to uphold the court's ruling, or to disagree with the court, and if so, then to exclude the dying declaration.

We find no case in which such an instruction is held to be error, even by the courts which hold the question to be one of law for the court alone; and failing to understand how the matter could work to the injury or prejudice of the defendant, we are bound to hold that there was no reversible error commited, even though the question was not one for the consideration of the jury, and should have been treated as a question of law for the court alone. This is the conclusion reached in the case of *Commonwealth v. Brewer, supra* While the court there upheld the practice, yet the opinion specifically states that even though the practice is wrong, yet the giving of the instruction could not have been error.

The question of the admissibility in evidence of dying declarations, in nearly all of its forms, is treated at length in 56 L. R. A., 353, although there are some cases not cited there.

The second alleged error is that the jury was not justified in finding the defendant guilty of any greater crime than manslaughter, the contention being that the evidence shows that the shooting was done by the defendant while

in the heat of passion, while the deceased and the defendant were fighting, and that there could not have been any premeditation, necessary to support a verdict of murder. The plaintiff in error nowhere points out where the information necessary to a consideration of this proposition may be found, but contents himself with the mere statement of the proposition in his brief. The general rule is that where counsel fail to point out specifically the portion of the record which is relied upon for any alleged error, that this court will not examine the entire record for the purpose of determining whether or not there is merit in his assertion. We have, however, examined the record in this case, and we think there is abundant evidence to support the verdict. The defendant, without question, was the aggressor in the affray, and after throwing two glasses at the deceased when the deceased undertook to defend himself by throwing a bottle at the defendant, he immediately whipped out his revolver and fired at the deceased while the deceased was retreating, and attempting to get away out of the building. When the shooting was done, the defendant was in no danger of injury whatever. This court has repeatedly held that no appreciable time is necessary for premeditation. There was ample time, in this case, for premeditation and design, between the time when the defendant first commenced the difficulty and when the shot was fired. We cannot see how the jury could arrive at any other conclusion than the defendant was guilty of murder. It was not a close or difficult question to solve. The deceased was the victim of the defendant's wanton premeditated act. The verdict and judgment is a just one.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.