## CORDELIA WASS *vs.* GEORGE H. SMITH.

December 1, 1885.

**Tax Sale—Junior Assessments.**—A later or junior assessment of taxes, and the tax sale had upon it, are paramount to and take precedence of a senior assessment and the sale had upon it.

**Same—Sale under Senior Assessment Prior to Sale under Junior Assessment.**—Under this rule a sale in 1880, for the delinquent taxes of 1879, is held in this case to take precedence of a sale in 1881 (under Laws 1881, *c.* 135) for delinquent taxes prior to that of 1879, though the right or title acquired by the state at the former sale continued to be held by it at the time of the latter sale, and though the amount of the tax for 1879 was included (but without authority of law) in the amount for which such latter sale was made.

Action brought in the district court for Carlton county, under Gen. St. 1878, *c.* 75, § 2, to determine defendant's adverse claim to real estate in that county. Defendant having answered, alleging title in himself and asking to be adjudged owner of the property, the plaintiff moved for judgment on the pleadings. The motion was granted by *Stearns,* J., and defendant appeals from the judgment. Both plaintiff and defendant set forth in detail, in their pleadings, the proceedings resulting in the tax titles under which they respectively claimed.

*M. S. Stewart,* for appellant.

The state is not entitled to recover twice the same tax. Therefore, when the state, after proceeding to judgment in 1880 for the taxes of 1879 upon this land, and selling and bidding it in under the judgment, elected to include the taxes of 1879 in the proceedings under Laws 1881, *c.* 135, it waived the rights it had acquired under the judgment and sale. And when the state, in 1881, holding the title it had acquired under the sale of 1880 for taxes of 1879, obtained a second judgment for those taxes, the second judgment necessarily merged the first, and the sale of the land to defendant under the second judgment (though for a sum less than the judgment) necessarily satisfied and discharged all claim and lien of the state upon

the land for the taxes of 1879, for which the judgments were recovered. And if the first judgment was not merged in the second, still the tax sale of 1881 to appellant operated as a redemption by appellant from the tax sale of 1880. In either case the land never became forfeited to the state, and the state officers had no right to convey it to plaintiff by the deed of November 26, 1884.

*Wm. W. Billson,* for respondent.

BERRY, J. The land in controversy was bid in by the state at the regular tax sale in 1880 for the taxes of 1879, delinquent June 1, 1880. No redemption nor any assignment by the state having taken place, the land was, in November, 1884, duly sold and conveyed to the plaintiff, under the direction of the state auditor and pursuant to law. The defendant's title comes from a tax sale in September, 1881, under Laws 1881, *c.* 135, to enforce payment of taxes delinquent prior to 1879; but the judgment upon which the sale was made wrongfully included, with other taxes, the amount of the taxes for 1879, delinquent in June, 1880, being the same for which the sale under which the plaintiff claims was made.

The trial court held that the lien for the taxes levied in 1879 was paramount to any lien for taxes levied before that time, and that, therefore, the sale had to enforce the former cut off the lien of the latter, subject only to the right of redemption. This is in accordance with the generally recognized rule that a later or junior assessment of taxes, and the tax sale had upon it, are paramount to and take precedence of a senior assessment, and the tax sale upon it. *Langley* v. *Chapin,* 134 Mass. 82; *Board of Regents* v. *Linscott,* 30 Kan. 240; *Robbins* v. *Barron,* 32 Mich. 36; 2 Desty on Taxation, 966; Blackwell, Tax Titles, 544, and note; *Anderson* v. *Ryder,* 46 Cal. 135; *Sayles* v. *Davis,* 22 Wis. 225; *Irwin* v. *Trego,* 22 Pa. St. 368.

As applied to this case, the rule logically leads to the conclusion that, no redemption having been made within the time allowed by law, the title of the state under the sale of 1880 became absolute as against any lien for taxes assessed prior to 1879; and that the plaintiff, having duly acquired the state's title, holds the land free from any such lien, and unaffected by any sale made to enforce the same. It was not the design or effect of the law of 1881 to disturb or inter-

v.34m—20

fere with the usual and regular order of precedence among tax liens, but to bring on a sale for delinquent taxes assessed prior to 1879, before a sale for those of any subsequent year should ripen into an absolute title by the expiration of the time of redemption, so that parties purchasing at such sale of 1881 might, by redeeming from any sales for taxes of 1879 or 1880, get the benefit of their purchases. This sale of 1881, though occurring *after* the sale for the delinquent taxes of 1879, did not displace the priority of their lien.

But the defendant contends that the inclusion of the tax of 1879 in the judgment upon which the sale of 1881 was made, operated to extinguish or discharge the lien for the tax of 1879, on account of which the land had been bid in and was held by the state. The answer to this is that the tax of 1879 was thus included without any authority of law, and that, therefore, its inclusion did not bind or estop the state. As held in *Kipp* v. *Dawson*, 31 Minn. 373, the effect of thus wrongfully including it was the same as if there had been an error in computing the amount of the taxes proper to be included in the list and judgment. And, as further remarked in that case, the land-owner's remedy was "to interfere by way of answer or objection, as provided by Gen. St. 1878, *c.* 11, § 75."

It is also to be observed that at the sale of 1881 the lands were by law permitted to be bid in (as they in fact were in this instance) *for less* than the full amount of the taxes, interest, and costs on account of which they were sold.

From all these considerations it would seem to follow that the judgment and sale in this case, under the law of 1881, were not intended to and did not merge, cut out, or discharge the judgment and sale for the delinquent taxes of 1879, or any subsequent year.

Judgment affirmed.