WILLIAM G. WHITE v. DEXTER A. KNOWLTON and Another.[1]

July 5, 1901.

Nos. 12,665—(178).

## Lien of Special Assessment Subordinate to Lien of State Tax.

Sp. Laws 1887, c. 7, subc. 7, §§ 34–47, relating to special assessments for local improvements in the city of St. Paul, construed, and *held*: The lien of such an assessment is subordinate to the lien of the state for all taxes which have been or may be levied upon the same property under the general laws of the state, without reference to the time when the state lien accrued.

Action in the district court for Ramsey county to determine the adverse claims of defendants to vacant and unoccupied real estate. The case was tried before O. B. Lewis, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Henry B. Farwell*, for appellants.

*William G. White*, for respondent.

START, C. J.

Action to determine adverse claims to a certain lot in the city of St. Paul. The plaintiff asserts title thereto by virtue of a tax sale thereof by the state based upon a judgment for the delinquent taxes of the year 1893. The defendants claim title to the lot by virtue of a sale thereof by the city of St. Paul upon a judgment on a local assessment for the cost of sprinkling the street in front of the lot during the season of 1894. The judgment and sale in each case were valid, and no redemption was ever made in either case, although due notice of the expiration of the time for redemption was given in each case. The trial court found that the plaintiff was the owner of the lot, that the defendants had no title thereto or lien thereon, and ordered judgment accordingly. The defendants appealed from an order denying their motion for a new trial. The record presents for our decision the sole question as to which party holds the paramount title.

[1] Reported in 86 N. W. 755.

The lien of the state for the general taxes on the lot under which the plaintiff claims attached as of May 1, 1893, while the lien of the city for the local assessment under which the defendants claim attached February 14, 1895. Judgment was entered for the state taxes March 21, 1895, and the lot sold by virtue thereof on May 5, 1895. Judgment for the local assessment was entered on June 29, 1895, and the lot sold by virtue thereof on November 4, 1895. The general rule as to priority of tax liens is the reverse of the rule in ordinary cases, and the tax lien last in time is the first in right. Whether the general rule would apply in any case to the lien of the state for general taxes, as against a subsequent lien in favor of a city for local assessments, we need not discuss or decide, for this particular case is controlled by the charter provisions of the city of St. Paul. The city is given ample power by its charter to levy and enforce local assessments, which are made a paramount lien on the real estate on which the same may be imposed from the date of the warrant issued for the collection thereof, subject, however, to the lien of the state for all taxes which have been or may be levied upon such property under the general laws of the state. Sp. Laws 1887, c. 7, subc. 7, §§ 34–47. The specific language of such exception is this:

"Provided that nothing in this act contained shall be construed to affect or prejudice the lien of the state for all taxes which have been or may be levied upon such property under the general laws of the state." Section 47.

The purpose of this proviso lies so clearly upon its face that no question of construction can arise. Its meaning is just what the words used import; that is, that the lien for a local assessment is subordinate to the lien of the state for taxes levied under the general laws of the state, without reference to the time when the lien of the state accrues. It follows that the lien which is the basis of the plaintiff's title was paramount to the lien under which the defendants claim, and that the plaintiff, and not the defendants, owns the lot in question, by virtue of a sale thereof on such paramount lien. The record suggests other interesting and complicated questions, but it is our duty to decide this particular case,

and leave other questions to be solved when they arise, if ever they do.

Order affirmed.