## MIDWAY REALTY COMPANY v. CITY OF ST. PAUL.[1]

January 9, 1914.

Nos. 18,494—(287).

**Priority as between tax liens and local assessment liens.**

1. Applicant holds a governor's deed, issued April 27, 1912, pursuant to a forfeited tax sale held November 13, 1911, for general taxes for the years 1896 to 1910. The city of St. Paul holds certificates issued on sale for local improvement assessments, warrants for collection of which were issued in 1900, 1901, 1907, and 1908. The time for redemption from these sales has now expired. Following Gould v. City of St. Paul, 120 Minn. 172, it is *held:* Under chapter 200, Laws 1905, general tax liens and city assessment liens are of equal rank. The general rules as to tax liens of equal rank apply. Each lien is superior to all that precede it in time. A later tax or assessment lien will take priority over all earlier liens, whether for taxes or assessments.

2. Priority as between such liens is determined as of the date of accrual of the original lien, not as of the date of sale.

[1] Reported in 145 N. W. 21.

---

Note.—On the question of the superiority of lien for special assessments over lien for taxes, see note in 30 L.R.A.(N.S.) 768.

3. All city assessments accruing any year are equal in right of priority with the lien of taxes for that year.

4. Where land is sold at a forfeited tax sale for taxes for a number of years for an entire amount, the lien of the holder of a certificate issued on such a sale is equal in right with an assessment lien accruing in any one of those years.

5. Where title is obtained under such liens, equal in right of priority, by sale and expiration of the period of redemption, the holders thereof become by operation of law tenants in common of the property.

6. A constitutional law passed by the legislature is not against public policy. It is public policy.

The Midway Realty Co. made application to the district court for Ramsey county to register title to two lots in defendant city. In its separate answer defendant city set up four sales to defendant to satisfy as many judgments for local improvements against the premises, the execution and delivery to defendant of certificates of sale for the same, and in respect to two of the sales notice of expiration of time of redemption. The matter was tried before Dickson, J., who made findings and ordered judgment that applicant was the owner in fee simple of the premises. From the judgment entered pursuant to the order for judgment, defendant city appealed. Reversed.

*O. H. O'Neill* and *J. P. Kyle,* Attorneys for City of St. Paul, for appellant.

*William G. White,* for respondent.

HALLAM, J.

1. The Midway Realty Co. holds a governor's deed, issued April 27, 1912, pursuant to a forfeited tax sale held November 13, 1911, for general taxes for the years 1896 to 1910. The city of St. Paul has city assessment certificates based on local improvement assessments, the warrants for the collection of which were issued as follows: February 2, 1900, under which the premises were sold May 24, 1901; August 9, 1901, under which the premises were sold December 14, 1901; October 14, 1907, under which the premises were sold March 14, 1908; and February 26, 1908, under which the premises were sold October 3, 1908. The time for redemption from each sale expired five years after the date of sale.

We cannot distinguish this case from the case of Gould v. City of St. Paul, 120 Minn. 172, 139 N. W. 293. In that case plaintiff held a governor's deed issued upon a sale made November 25, 1907, for forfeited taxes for the years 1891, 1892, and 1901 to 1906 inclusive. The city held title under a city certificate, based on an assessment the warrant for collection of which was issued in May, 1902, and the sale made November 8, 1902, and the time for redemption expired November 8, 1907. Taking the first two city certificates in this case, the parallel is exact. Both in that case and this the forfeited tax sale was for taxes accruing the same year as the city assessment, under which the city claimed, and also for years both before and after. In both cases the time of redemption from the city assessment sale had expired, and the forfeited tax sale was made thereafter and title still later matured thereunder. In the Gould case it was held that the parties were tenants in common of the land. It is plain that the same result must be reached here, if the Gould case is to be followed.

The writer of this opinion did not participate in the decision in the Gould case, and in a nisi prius case previously tried, but not appealed, expressed some views not in harmony therewith, but the decision in the Gould case was reached in this court after an exhaustive consideration of this subject in all its bearings, and it is adhered to and followed as determining the questions of law there involved.

Prior to 1905, the charter of the city of St. Paul provided in terms too plain to be susceptible of misunderstanding that "the lien for a local assessment is subordinate to the lien of the state for taxes levied under the general laws of the state, without reference to the time when the lien of the state accrues." White v. Knowlton, 84 Minn. 141, 86 N. W. 755; City Charter 1893, p. 134, § 139; Sp. Laws 1887, p. 352, c. 7, subc. 7, § 47.

Chapter 200, p. 255, Laws 1905, changed this rule and provided:

"That all assessments upon real property for local improvements made or levied by the proper authorities of any city in the state, * * * shall be a paramount lien upon the land upon which they are imposed from the date of the warrant issued for the collection thereof, and of equal rank with the lien of the state for taxes which have been or may be levied upon said property under the general

laws of the state; and that the general rules of law as to priority of tax liens shall apply equally to the liens of such assessments and to such liens for general taxes, with the same force and effect as though all of the liens aforesaid and all of the taxes and assessments aforesaid, were of the same general character and imposed for the same purpose and by the same authority, without regard to the priority in point of time of the attaching of either of said liens, and a sale or perfecting title under either shall not bar or extinguish the other."

It is to be borne in mind that in St. Paul local assessments are collected through city officers by proceedings separate and apart from collection of general taxes. In cities governed by general laws, local improvement assessments after they become delinquent are certified to the county auditor and are included with delinquent general taxes in all subsequent proceedings for judgment, sale and redemption. G. S. 1913, § 1418. The question of construction of the statute of 1905 was beset with some difficulties, since the act was general in its application, and it was necessary to adapt it to fit both the special system peculiar to St. Paul and the general system applicable to other cities of the state.

The conclusion reached in the Gould case as to the construction of chapter 200, p. 255, Laws 1905, may be summarized as follows:

2. General tax liens and city assessment liens are of equal rank. The general rule as to tax liens of equal rank apply. Each lien is superior to all that go before it. The lien last in time is first in right, whether it be a tax or assessment lien. A later tax lien will take priority over all earlier liens, whether for taxes or assessments. Likewise a later assessment lien will take priority over all earlier liens, whether for taxes or assessments.

3. Priority is determined by reference to the date of the inception of the tax or assessment lien, and not to the date of the sale. This proposition was long ago settled in this state. See Wass v. Smith, 34 Minn. 304, 25 N. W. 605; State v. Camp, 79 Minn. 343, 346, 82 N. W. 645; Oakland Cemetery Assn. v. County of Ramsey, 98 Minn. 404, 408, 108 N. W. 857, 109 N. W. 237, 116 Am. St. 377; Minnesota Debenture Co. v. Scott, 106 Minn. 32, 41, 119 N. W. 391.

4. All city assessment liens accruing during any year are equal in

right of priority with the lien of taxes for that year. This is inevitable in cities other than St. Paul, where delinquent taxes and assessments are collected once a year in the same proceeding, and the act is construed as conforming St. Paul assessments to the same general rule. Tax and assessment liens accruing during any one year are accordingly equal in right of priority. Tax and assessment liens accruing during a subsequent year all take priority over all tax and assessment liens of former years.

5. Where land is sold at a forfeited tax sale for taxes for a number of years, as from 1901 to 1906, for an entire amount, the lien of the holder of a certificate issued on such a sale is equal in right of priority with an assessment lien accruing in any one of those years.

6. Where the holders of liens equal in right of priority are foreclosed, that is, where title is obtained thereunder by sale and expiration of the period of redemption, the holders thereof become, by operation of law, tenants in common of the property. Foreclosure of any such lien does not cut out another lien of equal right of priority.

It is urged that some of the language in the Gould case indicating these rules of construction was *obiter*. We do not so consider it. On the contrary, we consider it all pertinent to the decision reached in the case.

7. Defendant city urges that to declare a later tax lien to be superior to an earlier city assessment lien is against public policy. If this declaration is the proper construction of this statute, then it is not a declaration against public policy. "We know of no ground upon which a constitutional legislative enactment can be rightly spoken of as contrary to public policy." Julien v. Model B., L. & I. Asso. 116 Wis. 79, 90, 92 N. W. 561, 61 L.R.A. 668. When the legislature, within its constitutional powers, declares itself, that declaration is the public policy of the state. Borgnis v. Falk County, 147 Wis. 327, 133 N. W. 209, 37 L.R.A.(N.S.) 489. Furthermore, the construction placed upon this statute in the Gould case is an application to both tax and city assessments of the rule that has been applied to tax liens in the absence of statutes by the universal consensus of judicial opinion. 2 Cooley, Taxation, (3d ed.) 875, 960; Wass v. Smith, 34 Minn. 304, 25 N. W. 605; Oakland Cemetery Assn. v.

County of Ramsey, 98 Minn. 404, 408, 108 N. W. 857, 109 N. W. 237, 116 Am. St. 37, and cases cited; 2 Desty, Taxation, 849. We should hesitate long before holding a rule so universally applied to be contrary to public policy.

We hold, following the Gould case, that the applicant Midway Realty Co. and the city of St. Paul are tenants in common of the property in controversy.

Judgment reversed, and case remanded with directions to proceed in accordance with the views expressed in this opinion.