## CAROLYN E. WHITE v. CITY OF ST. PAUL.[1]

January 9, 1914.

Nos. 18,495—(288).

**Priority as between tax lien and local assessment lien.**

Under chapter 200, Laws 1905, a tax title based on taxes for 1906 to 1909, inclusive, is equal in right of priority with title based on a St. Paul city assessment lien accruing in 1906. The holders of such titles are tenants in common. Such tax title is superior to a separate city assessment lien accruing at different times during years from 1896 to 1901, and is inferior to city assessment liens accruing in 1912, following Gould v. City of St. Paul, 120 Minn. 172, and Midway Realty Co. v. City of St. Paul, supra, page 300.

Action in the district court for Ramsey county to determine adverse claims to a certain vacant and unoccupied lot. In its answer defendant set up eight sales to it under as many judgments for local assessments against the lot in question, and the execution and delivery to it of as many certificates of sale. The case was tried before Dickson, J., who made findings and ordered judgment that plaintiff was the owner in fee simple of the premises described and the

[1] Reported in 145 N. W. 25.

Note.—For a collection of authorities on the question of superiority of lien for special assessments over lien for taxes, see note in 30 L.R.A.(N.S.) 768.

defendant had no right, title or interest in or lien upon the same, except a lien for a local assessment levied in the year 1912. From the judgment entered pursuant to the order, defendant city appealed. Reversed.

*O. H. O'Neill* and *J. P. Kyle,* Attorneys for the City of St. Paul, for appellant.

*William G. White,* for respondent.

HALLAM, J.

On November 1, 1910, plaintiff's assignor bought a state assignment certificate for taxes for the years 1906, 1907, 1908, and on January 6, 1911, paid the taxes for 1909. Plaintiff thereafter perfected this certificate into a tax title. The city holds separate certificates based upon local improvement assessments, the warrants for collection of which were issued at different times during 1896, 1898, 1899, 1900, 1901, 1906, 1912. Separate sales were made and the time for redemption expired on all except the last.

Following the decision in Gould v. City of St. Paul, 120 Minn. 172, 139 N. W. 293, and Midway Realty Co. v. City of St. Paul, supra, page 300, 145 N. W. 21, it is held:

The title derived by defendant city under all assessments prior to 1906 is cut out by plaintiff's tax title.

The title derived by the city under the assessment lien that accrued in 1906 is equal in right of priority with the tax title of plaintiff, and to that extent the parties are tenants in common.

Defendant's assessment lien accruing in 1912 is a first lien and is prior to any lien or right of plaintiff.

Judgment reversed and cause remanded with directions to proceed in accordance with the views expressed in this opinion.