(February 3, 1923.)

## CONTINENTAL & COMMERCIAL TRUST & SAVINGS BANK, Appellant, v. WILHELMINA WERNER, GOODING COUNTY, IDAHO, et al., Respondents.

[215 Pac. 458.]

APPEAL—DISMISSAL—JURISDICTION.

> Appeal from judgment taken after expiration of statutory time will be dismissed, this court being without jurisdiction to consider the same.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to foreclose lien. *Appeal dismissed.*

Walters, Parry & Bailey, Paul S. Haddock and E. D. Reynolds, for Appellant.

M. F. Ryan and A. F. James, for Respondent, Gooding County.

Counsel cite no authorities on point decided.

BUDGE, C. J.—This action was brought by Continental & Commercial Trust & Savings Bank against Wilhelmina Werner, her husband, and Gooding county, Idaho, to foreclose a lien upon certain real property for the unpaid principal, interest and assessments due for water right. Default was entered against Wilhelmina Werner and no service was made upon her husband. Respondent, Gooding county, answered, claiming its lien for taxes on said premises to be prior to the lien of appellant. The cause was tried to the court upon a stipulation of facts and judgment was entered in favor of appellant and against respondent, Wilhelmina Werner, ordering foreclosure and sale of the premises. The court adjudged and decreed the lien of respondent, Gooding county, to be a prior lien to

that of appellant. Judgment was entered and filed on June 20, 1921. Notice of appeal from the judgment was not filed until September 20, 1921, more than 90 days after the entry of the judgment and after the statutory time for filing the same had expired.

C. S., sec. 7152, provides as follows:

"An appeal may be taken to the supreme court from a district court:

"1. From a final judgment in an action . . . . within 90 days after the entry of such judgment . . . . "

In the case of *Goade v. Gossett,* 35 Ida. 84, 204 Pac. 670, it is held: "Appeal from judgment taken after expiration of statutory time will be dismissed."

See, also, to the same effect: *Glenn v. Aultman & Taylor M. Co.,* 30 Ida. 719, 167 Pac. 1163; *Mills v. Board of County Commrs.,* 35 Ida. 47, 204 Pac. 876; *Chapman v. Boehm,* 27 Ida. 150, 147 Pac. 289; *Moe v. Harger,* 10 Ida. 194, 77 Pac. 645.

In the case last cited it is said: "This is a jurisdictional question and the court has no power to extend the time or cure the defect. On this question there is a unanimity of opinion among the courts."

For the reason that this court is without jurisdiction this appeal must be dismissed, and it is so ordered. Costs are awarded to respondent, Gooding county.

McCarthy and Dunn, JJ., concur.

(April 23, 1923.)

ON REHEARING.

Public Lands — Reclamation Act — Federal, Constitutional and Statutory Provisions — Carey Act Contract Lien — Taxation — Priority of Tax Lien.

1. The Federal Carey Act (29 Stat. L. 434) authorized states, availing themselves of its provisions, to create liens upon Carey Act lands and water furnished therefor, in favor of any person, company or association, contracting with the state for the reclamation of such lands.

2. A lien for taxes as provided by C. S., sec. 3097, is created by the sovereign and is not such a lien created or attempted to be created by the owner and possessor of Carey Act land as will render it subordinate to the lien of a Carey Act contract, as provided in C. S., sec. 3019.

3. A lien for taxes is superior and prior to the lien of a Carey Act contract.

Action to foreclose Carey Act contract. Judgment for defendant, Gooding County. *Affirmed.*

Walters, Parry & Bailey, Paul S. Haddock and E. D. Reynolds, for Appellant.

The Carey Act statutes provided that the lién of the Carey Act water contract is a first and prior lien. (C. S., sec. 3019.)

The revenue laws regarding the lien for taxes applicable to the case at bar do not provide that the tax lien is a first and prior lien. (1913 Sess. Laws, p. 173.)

The legislature has the power to declare that a tax lien shall take precedence over and become prior to other liens, but if the legislature fails to do so, then such tax lien takes no precedence over any other lien. (Cooley on Taxation, pp. 444, 865; *Heine v. Board of Levee Commrs.,* 86 U. S. (19 Wall.) 655, 22 L. ed. 223; *Lyon v. Alley,* 130 U. S. 177, Ann. Cas. 1913B, 521, 9 Sup. Ct. 480, 32 L. ed. 899; *Scandinavian-American Bank v. King County,* 92 Wash. 650, 159 Pac. 786.)

A Carey Act construction company cannot in foreclosure of its water contract protect itself for any sum paid out for taxes but can only bid in the property for the amount due on the deferred payments as shown by the water contract. (C. S., sec. 3023.)

The holder of a tax deed to Carey Act property "stands in the shoes" of the original entryman. (*Bennett v. Twin Falls North Side Land & Water Co.,* 27 Ida. 643, 150 Pac. 336.)

M. F. Ryan and A. F. James, for Respondent, Gooding County.

All taxes shall be a lien upon the property assessed and shall only be discharged by the payment, cancelation or rebate of the taxes as provided in this act. (1913 Sess. Laws, pp. 173, 174.)

Such or similar language has been interpreted by other courts. (*Mutual Ben. L. Ins. Co. v. Siefken,* 1 Neb. Unof. 860, 96 N. W. 603; *Eaton's Appeal,* 83 Pa. St. 152.)

Priority of the lien for taxes will be implied where the legislative intent to give such priority can be gathered from the act. (*Osterberg v. Union Trust Co.,* 93 U. S. 424, 23 L. ed. 964; *Parker v. Baxter,* 2 Gray (Mass.), 185; *Morey Engineering Co. v. St. Louis Art. Ice Rink Co.,* 242 Mo. 241, Ann. Cas. 1913C, 1200, 46 S. W. 1142; 40 L. R. A., N. S., 119; *Campbell v. Gawlewicz,* 3 Neb. Unof. 321, 91 N. W. 569; *Doremus v. Cameron,* 49 N. J. Eq. 1, 22 Atl. 802; *Snyder v. Mogart,* 5 Pa. Dist. Ct. 148; *Minnesota v. Central Trust Co.,* 94 Fed. 244, 36 C. C. A. 214; *Carsten & Earles, Inc., v. City of Seattle,* 84 Wash. 88, 146 Pac. 381.)

All property is liable to taxation unless expressly exempted. (Secs. 2, 3, and 5, art. 7, Const. Ida.; sec. 1, Sess. Laws 1913, p. 173.)

BUDGE, C. J.—The appeal from the judgment in this case was dismissed, because it appeared from the record that it had been taken after the expiration of the statutory time. (See foregoing opinion.) Thereafter a petition for rehearing was filed on behalf of appellant, from which it was made to appear that the court had been misled by a clerical error in the preparation of the record on appeal, and that in fact the appeal had been taken in ample time. The petition was accordingly granted, and the case is now for consideration on the merits.

This action is one to foreclose a Carey Act water contract on land in Gooding county. The defendant, Wilhel-

mina Werner, was duly served but defaulted and judgment was entered against her. Respondent entered its appearance and a stipulation of facts was entered into between the parties, upon which the cause was tried by the court. Respondent was awarded judgment, from which this appeal is prosecuted.

There is but one question involved, namely, whether the lien of a Carey Act contract is first and prior to a lien for taxes. It is stipulated that the land was patented and subject to taxation; that taxes were properly levied for the years 1915 and 1916 and that the same were unpaid. The contract between the Twin Falls North Side Land & Water Company and Wilhelmina Werner was entered into on the 25th day of May, 1908, and was thereafter assigned to appellant.

In order to determine the priority between the lien of a Carey Act contract and a lien for taxes it will be necessary to construe a portion of what is commonly known as the Federal Carey Act (6 Fed. Stats. Ann. 398, 8 Fed. Stats. Ann., 2d ed., 701; 29 Stat. L. 434, and C. S., secs. 3019 and 3097).

6 Fed. Stats. Ann. 398 (29 Stat. L. 434) provides, among other things, that:

" . . . . a lien or liens is hereby authorized to be created by the state to which such lands are granted and by no other authority whatever, and when created shall be valid on and against the separate legal subdivisions of land reclaimed, for the actual cost and necessary expenses of reclamation and reasonable interest thereon from the date of reclamation until disposed of to actual settlers."

It will be observed that no priority of liens is authorized by the federal statute but power is given to states, availing themselves of the provisions of the Carey Act, to create liens upon Carey Act lands and water furnished therefor, in favor of any person, company or association, contracting with the state for the reclamation of such lands. Idaho accepted the Federal Carey Act and in accordance there--

with, in C. S., sec. 3019, made the following provision with reference to the lien of a Carey Act contract:

"Any person, company or association, furnishing water for any tract of land, shall have a first and prior lien on said water right and land upon which said water is used, for all deferred payments for said water right; *said lien to be in all respects prior to any and all other liens created or attempted to be created by the owner and possessor of said land;* said lien to remain·in full force and effect until the last deferred payment for the water right is fully paid and satisfied according to the terms of the contract under which said water was acquired."

Appellant relies upon the provisions of the foregoing section to support his contention. C. S., sec. 3097, upon which respondent relies, provides:

"All real and personal property subject to assessment and taxation must be assessed at its full cash value for taxation for state, county, city, town, village, school district and other purposes . . . . and all taxes levied under the provisions of this chapter, shall be a lien upon the property assessed, and a lien upon any other property of the owner thereof . . . . and shall only be discharged by the payment, cancelation or rebate of the taxes as provided in this chapter."

Under C. S., sec. 3019, *supra,* the only liens to which the lien of a Carey Act contract is superior are those created or attempted to be created by the owner and possessor of the land and this is not a limitation upon the power of the sovereign to create a lien. A lien for taxes created under the provisions of C. S., sec. 3097, *supra,* is not one created by the owner and possessor of the land but by the sovereign.

It does not follow that because the legislature failed to expressly declare that a lien for taxes is superior and prior to all other liens that such a lien should be subordinate and this rule is correctly and tersely stated in the case of *Minnesota v. Central Trust Co.,* 94 Fed. 244, 36 C. C. A. 214, where it is said:

" . . . . it cannot be inferred that the lien for personal taxes . .,. . was intended to be subordinate to all prior private liens, because the legislature failed to say that it should be deemed paramount.  On the contrary, considering the character of the obligation and the dignity usually accorded to such liens, in public estimation, and above all, considering the necessity which exists for giving them priority in order that the public revenues may be promptly and faithfully collected, we conclude that the inference should be that the lien was intended by the legislature to be superior to all liens, prior or subsequent, claimed by individuals, and that nothing should be allowed to overcome this inference but a plain expression of a different purpose found in the statute itself."

See, also, to the same effect: *Osterberg v. Union Trust Co.*, 93 U. S. 424, 23 L. ed. 964; *Morey Engineering & Const. Co. v. St. Louis Art. Ice Rink Co.*, 242 Mo. 241, Ann. Cas. 1913C, 1200, 146 S. W. 1142, 40 L. R. A., N. S., 119; *Campbell v. Gawlewicz*, 3 Neb. Unof. 321, 91 N. W. 569.

Under the provisions of C. S., sec. 3097, a lien for taxes cannot be discharged except by payment, cancelation or rebate.  A lien created or attempted to be created by the owner and possessor of land could not operate as a payment, cancelation or rebate of taxes, for the reason that it does not fall within the provisions of C. S., chapter 144, which prescribes the manner in which taxes may be discharged.

The case of *Cheney v. Minidoka County*, 26 Ida. 471, 144 Pac. 343, and the case of *Bennett v. Twin Falls North Side Land & Water Co.*, 27 Ida. 643, 150 Pac. 336, have no application to the question presented here.  In the former case this court did not hold that the lien of a Carey Act contract takes precedence over the lien for taxes, but held that under the constitution and laws of this state all property is subject to taxation unless expressly exempted, and cites in support of such holding, secs. 2, 3 and 5, art. 7 of the constitution, and sec. 1, Session Laws 1913, p. 173.  There is no express exemption of the land covered by a Carey Act contract.  In the latter case, this court held that the pur-

chaser of a tract of Carey Act land at tax sale may be subrogated to all the rights of the entryman so far as the water right is concerned, and may procure title thereto by making the payments provided for by the water contract and in accordance with its terms. It was further held that the water right was not sold for the delinquent taxes and that the purchaser under a tax sale for delinquent taxes under a Carey Act stepped into the shoes of the original owner and became obligated to pay whatever balance might be due on the water right in order to obtain title thereto.

Whether a construction company under a Carey Act, in order to protect its lien, can reimburse itself for taxes paid to protect itself, is not here for determination. It would seem to us, without deciding this question, that under the general rule, every lienholder, in order to protect his lien, has a right to pay off prior liens and may add the amount so paid to his lien, and upon foreclosure of the same may enforce payment of the amount so paid by him.

The judgment is affirmed. Costs are awarded to respondent.

McCarthy, Dunn and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.