(February 26, 1924.)

C. W. REBERGER, Appellant, v. ALFRED JOHANSON, Respondent.

[223 Pac. 1079.]

APPEAL AND ERROR—APPEALABLE ORDERS—MOTION FOR NONSUIT—FILING NOTICE OF APPEAL—JURISDICTION.

An order sustaining a motion for nonsuit is not an appealable order under the provisions of C. S., sec. 7152.

APPEAL from the District Court of the Fourth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

Action on contract. Judgment for defendant. *Appeal dismissed.*

Harrison McAdams, for Appellant.

J. W. Edgerton and R. M. Angel, for Respondent.

Counsel cite no authorities on point decided.

BUDGE, J.—This action was brought by appellant to recover certain money upon an alleged contract. Respondent filed his answer and upon the issues thus framed appellant introduced his testimony. Whereupon a motion for nonsuit was made by respondent and sustained by the court. These proceedings were had on December 16, 1921. On February 24, 1922, a notice of appeal was served and filed, which recites that an appeal is taken "from the whole of that certain order granting the motion of defendant for a nonsuit, made and entered in the above entitled court on the 16th day of December, 1921, and from all orders and rulings of the court made during the trial of said cause."

C. S., sec. 7152, provides, *inter alia,* that:

"An appeal may be taken to the supreme court from a district court: . . . .

"2. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of place of trial; from any special order made after final judgment; and from an interlocutory judgment in action for partition of real property; within 60 days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk."

It will be seen that the only orders from which an appeal may be taken are specifically set forth. The right to appeal is statutory. An order sustaining a motion for nonsuit does not come within any of the classifications specified in C. S., sec. 7152. An examination of the record discloses the further fact that the only reference to the motion in question is as shown in the minutes of the court in the following language: "The Defendant makes a motion of

Non-suit. The Court grants the motion for Non-suit.'' The court made no order sustaining the motion for nonsuit.

Even conceding that the order sought to be appealed from was appealable, such appeal must be taken within sixty days after the order is made and entered on the minutes of the court or filed with the clerk. (C. S., sec. 7152, *supra.*) The motion was sustained on December 16, 1921, and the appeal was not perfected until February 24, 1922, seventy days later. The filing of the notice of appeal within the statutory time is a jurisdictional requirement and when taken after the expiration of such time the appeal will be dismissed. (*Kimzey v. Highland Livestock & Land Co.*, 37 Ida. 9, 214 Pac. 750, and cases therein cited.)

The recital that the appeal is taken ''from all orders and rulings of the court made during the trial of said cause'' cannot be considered for any purpose, for the reason that such order or orders are not specifically set forth.

The appeal should be dismissed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., and William A. Lee, J., concur.