**EQUITABLE TRUST CO. OF NEW YORK et al. v. CASSIA COUNTY et al.**

(Circuit Court of Appeals, Ninth Circuit. May 25, 1925. Rehearing Denied June 29, 1925.)

No. 4547.

**1. Waters and water courses ⬤222—Status of liens on lands granted under Carey Act question of local law.**

Act June 11, 1896, § 1 (Comp. St. § 4686), authorizing a state accepting a grant of lands under the Carey Act (Comp. St. § 4685) to create liens on such lands for the cost and expense of their reclamation, is merely an enabling act, and the construction of statutes enacted thereunder and the status of the liens created are determined by the law of the state as declared by its highest court.

**2. Taxation ⬤510—Reclamation lien under law of Idaho subject to lien for taxes.**

Under the law of Idaho, the reclamation lien created by C. St. Idaho 1919, § 3019, is subject to the lien for taxes on the same land.

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Suit in equity by the Equitable Trust Company of New York and others against Cassia County and another. Decree for defendants, and complainants appeal. Affirmed.

Oliver O. Haga, McKeen F. Morrow, and J. L. Eberle, all of Boise, Idaho, for appellants.

John I. Burgess and C. W. Thomas, both of Burley, Idaho, for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The Act of June 11, 1896 (29 Stat. 434 [Comp. St. § 4686]), provides that under any law heretofore or hereafter enacted by any state, providing for the reclamation of arid lands, in pursuance and acceptance of the terms of the grant made by section 4 of the Act of August 18, 1894 (28 Stat. 422 [Comp. St. § 4685]), commonly known as the Carey Act, a lien or liens is hereby authorized to be created by the state to which such lands are granted and by no other authority whatever, and when created shall be valid on and against the separate legal subdivisions of land reclaimed, for the actual cost and necessary expenses of reclamation and reasonable interest thereon from the date of reclamation until disposed of to actual settlers: Provided, that in no event, in no contingency, and under no circumstances shall the United States be in any manner directly or indirectly liable for any amount of any such lien or liability, in whole or in part.

Section 3019 of the Idaho Compiled Statutes of 1919 provides that any person, company, or association, furnishing water for any tract of land, shall have a first and prior lien on said water right and land upon which said water is used for all deferred payments for said water right; said lien to be in all respects prior to any and all other liens created or attempted to be created by the owner and possessor of said land; said lien to remain in full force and effect until the last deferred payment for the water right is fully paid and satisfied according to the terms of the contract under which said water right was acquired. Section 3097, Id., provides that all real and personal property subject to assessment and taxation must be assessed at its full cash value for taxation for state, county, city, town, village, school district, and other purposes, with reference to its value at 12 o'clock meridian on the second Monday of January in each year, and all taxes so levied shall be a lien upon the property assessed, and a lien upon any other property of the owner thereof, and all taxes levied upon improvements shall be a lien upon the land upon which the same shall stand, except as otherwise provided, which several liens attach as of the second Monday in January of each year and shall only be discharged by the payment, cancellation, or rebate of the taxes as provided by law. Other sections of the Compiled Statutes provide for the sale of property for delinquent taxes, and section 3263 provides that the tax deed conveys to the grantee the absolute title to the land described therein, free of all incumbrances, except any lien for taxes which may have attached subsequently to the assessment.

The only question presented by the record is the question of priority between a general tax lien and a reclamation lien under the above statutory provisions. The court below accorded priority to the former, and the trustee and other representatives of the bondholders have appealed.

[1, 2] Both the tax lien and the reclama-

tion lien are creatures of the state of Idaho, and all questions as to their validity and priority must be determined by reference to the laws of that state. There seems to be some contention that the reclamation lien finds support or sanction in the laws of the United States, but such is not the case. The act of Congress referred to is simply an enabling act. The states were powerless to create liens on public lands until the title had passed from the general government, or at least until the title had been earned, without the consent of the United States, and the act of Congress was passed for the purpose of removing this restriction on the powers of the states. The act does not attempt to do more. It creates no lien, and denies no power to the states after the title has passed from the general government; and, considering the question as one of local law only, the Supreme Court of the state of Idaho has held that the tax lien is superior and prior to the reclamation lien. Continental & Commercial Trust & Savings Bank v. Werner, 215 P. 458. The decisions of the highest court of the state are controlling upon this court, unless the statutes as thus construed impair some right guaranteed by the Constitution or laws of the United States, and the claim that the state of Idaho has been deprived of, or has bargained away, the sovereign power of taxation, finds no support in the record.

The decree is therefore affirmed.