(February 2, 1926.)

JESS DRAGON, Respondent, v. HENRY TRIMBURGER, Employer, and MARYLAND CASUALTY COMPANY, Surety, Appellants.

[243 Pac. 824.]

APPEAL FROM INDUSTRIAL ACCIDENT BOARD NOT TAKEN IN TIME.

1. Under C. S., sec. 6270a, as added by Sess. Laws 1921, chap. 217, sec. 12, appeal from judgment affirming award of Industrial Accident Board must be taken within twenty days of its entry.

2. Appeal from judgment affirming award of Industrial Accident Board must be dismissed for lack of jurisdiction, notice of appeal not having been filed in the twenty days after entry of judgment limited for appeal therefrom.

---

Publisher's Note.
See 2 R. C. L. 104.

See Appeal and Error, 4 C. J., sec. 2380, p. 567, n. 60.
Workmen's Compensation Acts, C. J., sec. 143, p. 128, n. 19 New.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Albert H. Featherstone, Judge.

Appeal from a judgment sustaining an award of the Industrial Accident Board. Motion to dismiss. Motion granted and *appeal dismissed.*

Chas. M. Kahn, for Appellants.

H. E. Worstell, for Respondent.

WM. E. LEE, J.—This is an appeal from a judgment of the district court for Shoshone county affirming an award of the Industrial Accident Board in favor of respondent and against appellants. The judgment was made and filed and entered on November 13, 1924. The notice of appeal was filed in the office of the clerk of the district court on December 5, 1924, more than twenty days subsequent to the filing and entry of the judgment. Respondent moves to dismiss the appeal.

[1] In *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068, this court said:

"While the law does not expressly limit the time within which such appeal shall be taken, we think a fair and reasonable construction of the language of section 6270A, *supra* (1921 Sess. Laws, chap. 217, page 479) justifies the conclusion that it was the intention of the legislature that such appeals should be taken within twenty days after the order or judgment appealed from, and before the return of the record to the industrial accident board."

In *Cook v. Massey,* 38 Ida. 264, 35 A. L. R. 200, 220 Pac. 1088, it was said that:

"Thereafter sec. 6270A, chap. 217, 1921 Sess. Laws, p. 474, at 479, was added, which by the construction given in *McNeil v. Panhandle Lumber Co.,* 34 Idaho, 773, at 778, 203 Pac. 1068, shortened the time of appeal to twenty days."

[2]    The notice of appeal not having been filed within twenty days of the entry of the judgment, this court is without jurisdiction to hear and determine the question presented on the appeal, and the motion to dismiss is granted. (*Moe v. Harger,* 10 Ida. 194, 77 Pac. 645; *Glenn v. Aultman & Taylor M. Co.,* 30 Ida. 719, 167 Pac. 1163; *Mills v. Board of County Commrs.,* 35 Ida. 47, 204 Pac. 876; *Goade v. Gossett,* 35 Ida. 84, 204 Pac. 670; *Continental & Commercial Trust & Sav. Bank v. Werner,* 36 Ida. 601, 215 Pac. 458; *Kimzey v. Highland Livestock & Land Co.,* 37 Ida. 9, 214 Pac. 750; *Reberger v. Johanson,* 38 Ida. 618, 223 Pac. 1079.)

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.