(No. 5070. June 4, 1929.)

ROBERT G. BOSWORTH, for Himself and on Behalf of All Others Similarly Situated, Appellant, v. MRS. J. S. ANDERSON et al., PACIFIC STATES SAVINGS AND LOAN COMPANY, EQUITABLE SAVINGS AND LOAN COMPANY, PORTLAND MORTGAGE COMPANY, Respondents, and PACIFIC STATES SAVINGS AND LOAN COMPANY, Appellant.

[280 Pac. 227.]

Holden & Coffin, for Appellant Bosworth.

F. L. Soule and C. W. Poole, for Appellant Pacific States Sav. & Loan Co.

C. L. Hillman and W. A. Ricks, for Respondents and Cross-appellants.

Richards & Haga, *Amici Curiae.*

GIVENS, J.—Appellant Bosworth, on behalf of himself and all others similarly situated, as owner of a special assessment improvement bond issued by the city of Rexburg, sued to foreclose the same against respondents, numerous individual owners of various parcels and lots of land, delinquent in the payment of their assessments.

The city of Rexburg, Madison county, Pacific States Savings and Loan Company, Equitable Savings and Loan Company and Portland Mortgage Company became parties claiming rights adverse to appellant Bosworth, and they, in turn, have appealed from certain portions of the judgment.

The record is voluminous but the respective parties concede that the essential facts are summed up in the findings of the trial court. These present for consideration the following questions:

1. The relative priority of general taxes as against special improvement assessments levied to pay for the improvements for the construction of which the bonds were issued.

2. Whether the unit of assessment as set forth in the original assessment-roll forming the basis of charges against the respective pieces of property must continue unsegregated and undivided during the life of the bonds.

3. The liability of the city of Rexburg for having paid as interest assessments collected to pay the principal, such payments being thus made because insufficient assessments for the purpose of paying interest had been levied.

4. The liability of the county for having apportioned to other taxing units or other improvement districts assessments collected by it for this improvement district.

5. The liability of the county in the following situation: Where general taxes as well as special assessments were unpaid on several parcels, the county issued delinquent certificates to itself and later sold the property. The bondholder contends that the improvement district is entitled to receive from the county the full amount of the special

assessment delinquent on each such particular piece of property at the time the same was transferred on the theory that the county received the purchase price therefor in trust for the different taxing units, including the special assessment improvement districts.

Sec. 7 of art. 7 of the constitution of this state provides as follows:

"All taxes levied for state purposes shall be paid into the state treasury, and no county, city, town or other municipal corporation, the inhabitants thereof, nor the property therein, shall be released or discharged from their or its proportionate share of taxes to be levied for state purposes."

C. S., sec. 3097, specifies that the lien of state, county, city and school taxes shall only be discharged by payment, cancelation or rebate as provided in the chapter, and the chapter does not include any section relative to the foreclosure of a special assessment lien. (*Continental & Commercial Trust & Sav. Bank v. Werner*, 36 Ida. 601, 607, 215 Pac. 458, 460.)

If the special assessments were of equal priority with general state taxes or were of greater priority, then on foreclosure of the delinquent special assessments the lands would either be sold free of the state tax or with the state tax still on but with it impossible for the state to recover its taxes until the special assessment had been paid which would be directly contrary to the above provision of the constitution.

Appellant Bosworth contends that the question of priority is one of statutory construction and relies on C. S., secs. 4007, 4133 and 4163 to the effect that special assessments herein considered "shall have priority over all other liens and encumbrances whatsoever."

While special assessments have sometimes been referred to as taxes, they are not taxes in the strict sense of the word for two reasons: first, they are not assessed for governmental purposes, and secondly, they are based on the theory of special benefit to the property against which the assessments are levied.

In view of the language used in *Continental & Commercial Trust & Sav. Bank v. Werner, supra,* unless it was clearly the intention of the legislature to provide that such special assessments should be superior to the general state, county and city taxes, the legislative intent as gauged by that rule would lead to a conclusion adverse to the contention advanced by appellant Bosworth.

C. S., secs. 3097, 3211–3219, 3223, 3224, 3227, 3331, in effect, make the lien of the county and city taxes the same as that of state taxes; hence of the same priority. (*Commerce Trust Co. v. Syndicate Lot Co.,* 208 Mo. App. 261, 232 S. W. 1055, 235 S. W. 150.) The state taxes, by the constitution, and the county and city taxes, by legislative declaration, are prior to the special assessment, and this court has, in effect, so held. (*Hunt v. St. Maries,* 44 Ida. 700, 260 Pac. 155; *New First Nat. Bank v. Weiser,* 30 Ida. 15, 166 Pac. 213.)

Appellant Bosworth contends that the rule is that the legislature must have clearly stated that the state, county and city taxes are prior to special assessments before such priority can be given. This court in *Continental & Commercial Trust & Sav. Bank v. Werner, supra,* on rehearing, has stated the rule to be that unless the legislature has clearly announced that other liens are to be superior to the lien of general taxes, the general taxes are a superior lien.

Counsel for appellants rely on several Minnesota cases (*White v. Knowlton,* 84 Minn. 141, 86 N. W. 755; *White v. Thomas,* 91 Minn. 395, 98 N. W. 101; *Gould v. St. Paul,* 120 Minn. 172, 139 N. W. 293; *Midway Realty Co. v. St. Paul,* 124 Minn. 300, 145 N. W. 21) which arrived at a different conclusion but it does not appear that they were decided under a constitution similar to ours.

Washington has steadfastly adhered to the same construction as herein announced, culminating in *City of Seattle v. Everett,* 125 Wash. 39, 215 Pac. 337. Other authorities substantially to the same effect are: *Kerr v. Hoskinson,* 5 Kan. App. 193, 47 Pac. 172; *Morey Engineering Construction Co. v. St. Louis Rink Co.,* 242 Mo. 241, Ann. Cas. 1913C,

1200, 146 S. W. 1142, 40 L. R. A., N. S., 119; *Commerce Trust Co. v. Syndicate Lot Co., supra; State v. Jeffries,* 83 Mont. 111, 270 Pac. 638; *Campbell v. Gawlewicz,* 3 Neb. (Unof.) 321, 91 N. W. 569; *Mutual Ben. Life Ins. Co. v. Siefken,* 1 Neb. (Unof.) 860, 96 N. W. 603; *Smith v. Specht,* 58 N. J. Eq. 47, 42 Atl. 599; *McMillan v. Tacoma,* 26 Wash. 358, 67 Pac. 68; *City of Ballard v. Way,* 34 Wash. 116, 101 Am. St. 993, 74 Pac. 1067; *Ballard v. Ross,* 38 Wash. 209, 80 Pac. 439; *Everett v. Morgan,* 133 Wash. 225, 233 Pac. 317; on rehearing, 237 Pac. 508; Page & Jones, Taxation by Assessment, sec. 1069.

Reverting to C. S., secs. 4007, 4133, 4163, we do not believe that the fact that the legislature in other sections with reference to other kinds of assessments excepted general taxes is controlling as an indication that with regard to the special assessments mentioned in these sections they intended to make general taxes subordinate thereto.

From C. S., sec. 4000, it is apparent that the city council are to determine the expense each contiguous tributary lot or parcel of the lands included in the improvement district is to bear, in proportion to the benefit derived by such property. The assessment-roll was constructed to show the name of the owner of the property, the lot and amount due, a typical example being as follows:

| Name | Block | Plat | Description | Am't Due |
|---|---|---|---|---|
| Ricks Academy | 3 | Parker | Lots 1, 2, 3, 4, 5, 8. | |
| | 52. | Rexburg | Lot 2 | $7067.54 |

While there is authority to the effect that such assessments being for a lump sum on more thon one lot, are void, such point is not made in this case and no appeal was taken from the assessment-roll and payments have been made in accordance therewith and we proceed on the assumption that this assessment-roll is, for the purpose of this action, valid and binding on the parties. The various assessments were made on the parcels of land according to the then ownership of each parcel so taken and designated as an assessment unit. That being true, the city council's determination and apportionment of the benefits on all the property became fixed on

each description in the sum designated. A change in this apportionment of the benefit and assessment would be in violation of the statutes as adversely affecting every other property owner as well as purchasers of the bonds. This assessment became the basis, as to the individual property owner, of the charge on his land indicative of the benefits accruing to him, and fixed the amount of the lien against his land, and it would have to be paid on such unit to redeem his land from the obligation of the bonds. This unit as to the bondholders contained the definition of their security because, while the bonds were obligations secured by all the lands in the district, in order to enforce their security, foreclosure would be necessary against each particular piece of land in the district to the amount of liability thereon, theretofore determined by the only body authorized to act, namely, the city council. Therefore, for the life of the bond issue, these units of assessments were fixed and could not be changed. (C. S., sec. 4017.) We believe this to be in entire harmony with *Amsbary v. City of Twin Falls*, 34 Ida. 313, 200 Pac. 723. See, also, McQuillin on Municipal Corporations, 2d ed., sec. 2241.

█ The city of Rexburg collected $17,121 to be applied in the payment of the principal of the bonds but instead used this sum to pay interest. The appellant here contends that the city by thus diverting these funds became liable therefor because of the violation of its duty as collecting agent. This court has previously held contrary to appellant's contention in this regard, *Broad v. Moscow*, 15 Ida. 606, 99 Pac. 101, and this case has been cited or construed in numerous instances to the same effect. (*Moore v. Nampa*, 18 Fed. (2d) 860; Id., 276 U. S. 536, 48 Sup. Ct. 340, 72 L. ed. 688; *Gagnon v. Butte*, 75 Mont. 279, 51 A. L. R. 966, note, 243 Pac. 1085; see, also, *Capitol Heights v. Steiner*, 211 Ala. 640, 38 A. L. R. 1264, note, 101 So. 451.)

██ The county collects the taxes for the city and other taxing units and is charged with the duty of paying such taxes and assessments when collected to the proper taxing

unit and receives as compensation therefor one and one-half per cent of all taxes collected. (C. S., sec. 3224.)

Of $36.37 collected for the special improvement district involved herein, the following amounts were improperly diverted:

To the Predatory Animal Fund............$ .17
To Local Improvement District No. 11.......18.56
To City of Rexburg—General Funds.........17.64

The city never received the amount diverted to the Predatory Animal Fund and the county should be held liable therefor.

The balance was paid to the city but diverted by the city for purposes other than the payment of the bonds involved herein. For this diversion the city and not the county is liable.

Property owners, having paid this money for a certain purpose, have been injured if it has been diverted to some other. Likewise the bondholders, since they have never received it.

 The further claim of Bosworth for the bondholders' proportionate share of the assessments included in the delinquent tax items for which some property was transferred to the county and later sold by it for delinquent taxes is resolved by reasoning applicable to the relative priorities of general taxes and special assessments.

The findings show that the property did not sell for more than enough to pay the general taxes delinquent thereon. There is no basis for a claim on the county inasmuch as the county does not guarantee collection of these taxes and in the first instance the general state, county and city taxes are entitled to be satisfied out of the sale of the property.

 The respondents, Pacific States Savings and Loan Company, Equitable Loan Company and Portland Mortgage Company urge that because the assessment-roll was not filed by the county recorder, notice of the same did not become a lien and they were not charged with notice that there were assessment liens on the land on which they took mortgages. Hence the lien of the bonds is inferior to their mortgages

or at least they are entitled to have the units of assessment segregated for their benefit.

The statute does not require these assessment-rolls to be filed. All parties are charged with knowledge of the law to the effect that C. S., title 32, chap. 163, art. 6, has been complied with; the lien of the bonds upon the lands of an improvement district becomes fixed and paramount to any other lien excepting those of the general state, county and city taxes. (C. S., sec. 4013; *Jenkins v. Newman,* 122 Ind. 99, 23 N. E. 683; Page & Jones, Taxation by Assessment, sec. 1068.)

Appellant Pacific States Savings and Loan Company concedes that the order of the lower court, setting aside the judgment in this case, after an appeal had been perfected from such judgment, was for that reason void, and that the judgment was not and could not be affected thereby. Hence the same need not be discussed.

The decree of the trial court holding state, county and city taxes superior to special improvement assessments and denying the claim of the bondholders against the county for a share in the proceeds of the sale of the various pieces of property sold by the county for state, county and city taxes, and denying appellant's claim against the city for amounts collected by the city as principal and paid as interest is sustained.

The decree permitting the splitting up of the units for assessment and denying appellant's claim against the county and city for the improper application and diversion of the special assessment funds, is reversed with instructions to determine said matters and enter a decree in accordance herewith.

Each party to pay his or its own costs.

Budge, C. J., Wm. E. Lee and Varian, JJ., and Brinck, D. J., concur.

Petition for rehearing denied.