(No. 5647.   March 2, 1931.)

E. E. LISTER, W. W. RHODENBAUGH and EMIL JULLION, as Commissioners of Drainage District No. 2 of the County of Ada, in the State of Idaho, Appellants, v. CHARLES A. RIDDLE, PROSPER AVELINE and HENRY C. MILLER, as the Board of County Commissioners of Ada County, Idaho, STEPHEN UTTER, Clerk of said Board of County Commissioners, and STEPHEN UTTER, as Auditor of said County, and JANET A. KETCHEN, Treasurer and *Ex-officio* Tax Collector of said County, Respondents.

[296 Pac. 771.]

432

Charles F. Reddoch, for Appellants.

Carl A. Burke, for Respondents.

VARIAN, J.—The facts in this case are admitted and are identical with those in case No. 5695, *Heffner v. Ketchen, post,* p. 435, 296 Pac. 768. The statute there under consideration, C. S., sec. 3423, as amended, Sess. Laws 1929, chap. 216, p. 436, is controlling here. The Board of Drainage Commissioners of Drainage District No. 2 of Ada County sought a writ of mandate against the County Commissioners of Ada County, their Clerk, the Auditor, Treasurer and *Ex-officio* Tax Collector, of said county, compelling the proration of the proceeds of the sale by the county of the property purchased by appellants in case No. 5695, *supra,* with said Drainage District No. 2 in proportion to the amount of each tax for the year of delinquency upon which tax deed had heretofore issued to Ada County. An alternative writ of mandate issued and the trial judge sustained defendant's motion to quash it. Plaintiffs appeal.

The sole question involved here is whether drainage districts are entitled to receive a *pro rata* share of the proceeds of the sale of property acquired by the county through tax deed. Again we look to C. S., sec. 3423, as amended, *supra,* and are concerned with that portion thereof reading: "The proceeds from such sales shall be paid into the county treasury for the use of the county, unless such property has

been acquired by tax deed, in which event the proceeds from such sale shall be prorated to the taxing districts in which the property is situated in proportion to the amount of each tax for the year of delinquency upon which the tax deed was issued to the county.''

It is urged that a drainage district is not a ''taxing district,'' within the meaning of this statute. We cannot concur in this view. C. S., sec. 4553, authorizes the Board of Drainage Commissioners to levy assessments for drainage districts. These assessments are laid under the taxing power and in a general sense are taxes. (*Booth v. Clark,* 42 Ida. 284, 244 Pac. 1099.)

In *Bosworth v. Anderson,* 47 Ida. 697, 65 A. L. R. 1372, 280 Pac. 227, 228, this court held that, for the same year, ''the state taxes, by the constitution, and county and city taxes, by legislative declaration, are prior to the special assessment, . . . . '' and that the lien of state, county, and city taxes was of equal priority.

In the instant case the proceeds derived from the sale of the property by the county exceeds the aggregate amount of all the taxes for the several taxing districts for the year of delinquency; therefore there can be no question here of priority among the several taxing districts involved.

The judgment quashing the alternative writ is reversed and the cause remanded with directions that the permanent writ of mandate issue. Costs to appellants.

Lee, C. J., Givens and McNaughton, JJ., and Adair, D. J., concur.