(No. 5790. March 24, 1932.)

ROBERT G. BOSWORTH, for Himself and on Behalf of All Others Similarly Situated, Respondents, v. MRS. J. S. ANDERSON et al., Appellants.

[9 Pac. (2d) 807.]

W. A. Ricks, for Appellant Rigby.

Coffin & Zener and C. W. Poole, for Respondents, file brief but cite no authorities.

BUDGE, J.—This case was before this court upon a prior occasion (*Bosworth v. Anderson*, 47 Ida. 697, 65 A. L. R. 1372, 280 Pac. 227), and reference is made to that opinion for a more detailed statement of facts.

Appellant M. C. Rigby is the grantee of one of the defendants in that action and is the owner of a tract of land within the city of Rexburg. Upon the organization of Local Improvement District No. 9, several tracts of land, including that now owned by appellant, were included within and comprised what is known as Unit 18, and was so designated and placed upon the local improvement assessment-roll. In the original decree, dated March 26, 1927, certain tracts within Unit 18, including that of appellant, were omitted therefrom, presumably for the reason that assessments had

been permitted to be paid thereon separately. In the subsequent decree, dated April 18, 1930, appellant's tract was included therein. Appellant filed a motion to eliminate his land from the latter decree, which was denied, and from said order this appeal is taken.

The grounds of the motion were substantially as follows: that said land was erroneously included in the decree; that said land was originally included in a larger parcel; and that at the time of the entry of the decree there were no delinquent taxes, either general or special, assessed or unpaid against said land.

Upon the previous appeal, one of the questions presented was: "Whether the unit of assessment as set forth in the original assessment-roll forming the basis of charges against the respective pieces of property must continue unsegregated and undivided during the life of the bonds," which the court disposed of by saying:

"While there is authority to the effect that such assessments being for a lump sum on more than one lot, are void, such point is not made in this case and no appeal was taken from the assessment-roll and payments have been made in accordance therewith and we proceed on the assumption that this assessment-roll is, for the purpose of this action, valid and binding on the parties. The various assessments were made on the parcels of land according to the then ownership of each parcel so taken and designated as an assessment unit. That being true, the city council's determination and apportionment of the benefits on all the property became fixed on each description in the sum designated. A change in this apportionment of the benefit and assessment would be in violation of the statutes as adversely affecting every other property owner as well as purchasers of the bonds. This assessment became the basis, as to the individual property owner, of the charge on his land indicative of the benefits accruing to him, and fixed the amount of the lien against his land, and it would have to be paid on such unit to redeem his land from the obligation of the bonds. This unit as to the bondholders contained the defi-

nition of their security because, while the bonds were obligations secured by all the lands in the district, in order to enforce their security, foreclosure would be necessary against each particular piece of land in the district to the amount of liability thereon, theretofore determined by the only body authorized to act, namely the city council. Therefore, for the life of the bond issue, these units of assessments were fixed and could not be changed.''

The court held that: ''The decree permitting the splitting up of the units for assessment . . . . is reversed with instructions to determine said matters and enter a decree in accordance herewith.''

Thus, as to Unit 18 it was held that all of the component tracts were liable as a whole for the assessment upon that unit as originally made; that no valid segregation could be made; and that the lien created by the original assessment could be defeated only in the manner as pointed out in the previous opinion. Appellant's tract of land does not come within that exception. It is clear that the mandate of this court, expressed in the previous opinion, was not complied with in that the original decree permitted the splitting up of Unit 18 as well as possibly other units, and was held erroneous for that reason, and the trial court was in effect instructed to include all units as originally assessed and to enter a decree in accordance therewith. Respondents having voluntarily released three tracts within Unit 18, it necessarily followed that these tracts were not included in the subsequent decree, and to that extent the lower court did not follow our mandate as expressed in the previous opinion. Since respondents are not in a position to ask that these three omitted tracts be included, because of their election to exclude them, it necessarily follows that the total delinquency charged against all of Unit 18 cannot be imposed upon the balance of the unit (which includes appellant's lands), but there must be deducted from the judgment the proportionate part of such total delinquency as was originally properly chargeable against the omitted tracts. Only thus can equity be done and the true intendment of our original opinion be fulfilled.

The order appealed from is affirmed, with instructions to the trial court to amend its decree in conformity with the views herein expressed. Costs awarded to respondents.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.