## YOUNG v. THE STATE.

1. The verdict in this case was not without sufficient evidence to support it.
2. It is not, in order to render dying declarations admissible in evidence upon a trial for murder, essential for the State to show that the declarant affirmatively said he was in a dying condition or used language of like import. If he was in fact in articulo mortis and the circumstances were such as to indicate that he must have known that this was so, it is proper to allow the declarations to be proved and instruct the jury to determine for themselves whether or not the statements made by the deceased were " conscious utterances in the apprehension and immediate prospect of death."

| 114 | 849 |
| 122 | 162 |
| 114 | 849 |
| 130 | 277 |

Argued February 18,—Decided March 11, 1902.

Indictment for murder. Before Judge Seabrook. Effingham superior court. January 4, 1902.

*D. H. Clark,* for plaintiff in error.
*Livingston Kenan, solicitor-general,* contra.

LUMPKIN, P. J. Upon an indictment for murder the plaintiff in error, Young, was convicted of the offense of voluntary manslaughter, and excepted to the overruling of a motion for a new trial. This motion complains that the verdict was contrary to the evidence, and assigns error upon the refusal of the court to exclude proof of certain declarations of the deceased, the contention of the accused being that "these declarations of the deceased were admitted without sufficient evidence that he was then in articulo mortis or in any way realized the near approach of death."

54

1. As to the general grounds of the motion, it is sufficient to say that a careful examination of the brief of evidence shows that there was ample testimony to sustain the verdict returned by the jury.

2. The special ground of the motion is also without merit. It was unequivocally shown that at the time the deceased made the declarations proof of which was objected to at the trial, he was in a dying condition; and all the circumstances disclosed by the evidence conclusively showed that he must have been aware that such was the fact. It does not appear that he made any affirmative statement as to his condition, or that he said anything indicating a knowledge on his part that the approach of death was near. The precise point insisted upon by counsel for the accused is, that in order to render a dying declaration admissible, it must appear from words used by the declarant that he knew he was in a dying condition. This contention is not in accord with the true law. In *Dumas* v. *State*, 62 *Ga.* 58, it was ruled: " That declarations offered in evidence as dying declarations were made under the belief that the wound was mortal and death impending may be inferred from the nature of the wound and other circumstances, though nothing direct was said respecting death or danger. The court must judge of the preliminary evidence, in the first instance, and deeming it prima facie sufficient should admit the declarations to the jury, instructing the jury afterwards to pass finally for themselves on the question whether or not the declarations were conscious utterances in the apprehension and immediate prospect of death." In *Bush* v. *State*, 109 *Ga.* 126, the *Dumas* case was cited approvingly, Mr. Justice Little saying: " The jury are at liberty to weigh all the circumstances under which the declarations were made, including those already proved to the judge, and to give the testimony such credit as upon the whole they may think it deserves." See also, in this connection, *Smith* v. *State*, 110 *Ga.* 255, and cases cited. In the case before us the court pursued the proper practice, as indicated above; and the jury could well have found that the deceased knew he was wounded unto death and that the end was near at hand.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*