## 3794.  ECTOR v. THE STATE.

In no criminal case in Georgia in which the accused is a wife is the testimony of her husband admissible against her, whether the testimony sought from him be direct or circumstantial.

> DECIDED MARCH 19, 1912.

Conviction of stabbing; from city court of Griffin—Judge Flynt. October 7, 1911.

T. W. Thurman, for plaintiff in error.

W. H. Beck, solicitor, contra.

RUSSELL, J.  The only question in this case is whether the husband is a competent witness upon the trial of his wife for the commission of a crime.  The trial judge permitted the husband to testify against his wife; and in fact he was the only witness who gave

any direct testimony. The wife was charged with stabbing the husband, and the husband swore out the warrant upon which the accusation was based, and also testified to the fact that his wife was the person who cut him. Under the provisions of the Penal Code (1910), § 1037, paragraph 4, the question is not a debatable one, A husband is not a competent witness against his wife upon her trial for crime. In no criminal case in Georgia in which the accused is a wife can the defendant's husband testify against her, it matters not whether the testimony sought to be elicited from him be direct or circumstantial. The wife can, if she chooses, testify against her husband in any case where the charge involves a crime against her person, but the reverse of the proposition is not true. Under the provisions of the code section to which we have referred above, the husband is neither competent nor compellable to give evidence against his wife in any criminal proceeding, though the wife is competent (but not compellable) to testify against her husband upon his trial for "any criminal offense committed, or attempted to have been committed, upon her person," as well as "a competent witness to testify for or against her husband in cases of abandonment of his child." As to husband and wife, with regard to the capacity of each as a witness with reference to the marriage relation, the case stands thus: The wife can not testify *for* her husband upon his trial for any criminal charge, except that of abandonment. She can not testify *against* him, unless the offense was committed or sought to be committed upon her own person; and in those cases where she is competent as a witness she is not to be compelled to testify if she prefers to remain silent. But the law shuts the husband's mouth, whether he wishes to speak or not, in every case where his wife is charged with crime; and it makes no exception, even if the crime is charged to have been committed upon his person.

There was a time when the rule in Georgia was different. In the Code of 1860, § 3782, which was adopted by an act of the General Assembly approved June 19, 1860, it was declared that "Husband and wife, lawfully married, can not be witnesses for or against each other, nor can the wife be a witness for a third person, where her testimony may indirectly affect her husband. The objection exists after the dissolution of the marriage, by death or otherwise, as to all knowledge acquired by either party by reason of the marriage

relation.   An exception to this general rule exists in all criminal or
quasi-criminal proceedings against either party for offenses upon
the person of the other." It will be seen that under this provision
of the code, while both husband and wife were generally incom-
petent where the rights of either party in a criminal case were con-
cerned, and the wife was wholly disqualified as a witness in a civil
case if the rights of her husband were even indirectly affected,
still, by express exception, where the offense was one charged
to have been committed by either of the married pair upon the
person of the other, the opposite party could testify.  It is evident
that this exception which gave the husband the right to testify
against his wife was purposely stricken, and that the withdrawal
from the codes of 1867, 1873, 1882, and 1895, as well as from the
present code of that provision of the code of 1860 which
permitted a husband to testify in a case where his wife had as-
saulted him, was not a matter of chance or oversight, but was the
result of a deliberate design to change the previous law and our
public policy upon the subject.  The history of the evolution of our
present law on this subject is somewhat interesting.   That the
privilege of husband to testify against his wife was not uninten-
tionally excluded from our law is apparent in the passage of the act
approved December 15, 1866, and known as "the evidence act" of
that year.   (Acts 1866, p. 138.)   In the second section of that
act it was declared that "Nothing herein contained shall, in any
criminal proceeding, render any husband competent or compellable
to give evidence for or against his wife, or any wife competent or
compellable to give evidence for or against her husband."   This
statute of itself repealed the code section to which we have re-
ferred, and this legislation was codified as the fourth subdivision
of § 3798 of the Code of 1867, and in the same form is found as
the fourth subdivision of § 3854 of the Code of 1873, in which it is
declared that "No husband shall be competent or compellable to
give evidence for or against his wife in any criminal proceeding,
nor shall any wife, in any criminal proceeding, be competent or
compellable to give evidence for or against her husband."   The
same language appears in the codes of 1882 and 1895.   But in
1880 the legislature passed an act (Acts 1880-1, p. 121) provid-
ing that the wife should be competent, but not compellable, to tes-
tify against her husband upon his trial for "any criminal offense

committed, or attempted to have been committed, upon her person;" and in the Code of 1882 this exception in behalf of the wife was inserted as the concluding portion of the subdivision of § 3854 which provides that "No husband shall be competent or compellable to give evidence for or against his wife in any criminal proceeding, nor shall any wife, in any criminal proceeding, be competent or compellable to give evidence for or against her husband. But the wife shall be competent, but not compellable, to testify against her husband, upon his trial for any criminal offense committed, or attempted to have been committed, upon the person of the wife."

In the Penal Code of 1895, § 1011, par. 4, it is declared that "Husband and wife shall not be competent or compellable to give evidence in any criminal proceeding for or against each other, except that the wife shall be competent, but not compellable, to testify against her husband, upon his trial for any criminal offense committed, or attempted to have been committed, upon her person. She is also a competent witness, to testify for or against her husband in cases of abandonment of his child, as provided for in section 114 of this Code."

With the exception of this addition taken from the act of 1880, and the provision allowing a wife to testify against her husband in cases of abandonment, the language of § 1037 of the Code of 1910 varies but little from the verbiage used in the original section (3798) of the Code of 1867, without the exception which the Code of 1867 contained in favor of the admissibility of the husband. In the meantime, in 1865, a statute was passed (Acts of 1865-66, p. 233) which made the wife a competent witness in cases of wife-beating. It will thus be seen that in the evolution of the rule of evidence which we are now considering, various statutes have been passed extending the competency of the wife as a witness, but no such privilege has been given to the husband. If it is not to be considered as evidence of our innate spirit of chivalry toward woman, or of our greater confidence in her freedom from influence, it is still a manifestation of a partiality in behalf of the wife which is not without reason. The legislature, no doubt, in restoring the provision which made the wife a competent witness in all cases where her husband was her assailant, had in mind that there were instances where wives could in no other way be protected from the ferocity of brutal husbands, and that the abuse of the privilege

would be prevented by the fact that, though the wife is competent, she is not compellable to testify against her husband.  On the other hand, we think it plain that in not restoring the competency of the husband as to offenses committed upon his person by his wife, the legislature perhaps had in mind the fact that attacks upon husbands by wives were very rare, and that even if they sometimes occurred, the right to testify on the part of the husband might in some cases be abused, and used as a means of getting rid of a wife of whom the husband had tired.  As the conviction in this case depends solely upon the testimony of the husband, and the State's counsel frankly admits in his brief that if the testimony of the husband is illegal and inadmissible, the conviction can not be supported, we conclude that the judgment finding the defendant guilty is unauthorized, and the trial judge erred in, refusing a new trial.        *Judgment reversed.  Pottle, J., not presiding.*