## JONES *v.* THE STATE.

GILBERT, J.  1.  " 'A prima facie case is all that is necessary to carry dying declarations to the jury. It is an issue of fact whether or not they were made in the immediate prospect of death.' *Varnedoe* v. *State,* 75 *Ga.* 181. It is not necessary that the person whose statements are sought to be introduced should express himself as believing that he is in a dying condition. Consciousness of his condition may be inferred from the nature of his wound, or from other circumstances. *Young* v. *State,* 114 *Ga.* 849 [40 S. E. 1000]." *Anderson* v. *State,* 122 *Ga.* 161 (50 S. E. 46); *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840).

2. The evidence on the question of venue, though circumstantial, was sufficient. The verdict was supported by evidence. The court did not err in overruling the motion for a new trial.

*Judgment affirmed.  All the Justices concur.*

No. 2117.  DECEMBER 18, 1920.

Indictment 'for murder. Before Judge Thomas. Thomas superior court. June 7, 1920.

Mitch Jones was found guilty of the murder of Mary Lee Thomas (a young unmarried woman) by shooting her with a gun, and was sentenced to life imprisonment. He excepted to the refusal of a new trial, contending (1) that it was error to admit testimony of dying declarations by the deceased, over objection that no proper legal foundation for their admission had been laid, it not having been shown that she was then in dying condition and knew that she was so: (2) that it was not proved beyond a reasonable doubt that she received the wound in Thomas county, where the venue was laid; and (3) that the verdict was contrary to law and evidence.

The testimony tended to prove the following: The accused (who

lived with another woman as his wife) declared, two or three weeks before the homicide, that he loved Mary Lee Thomas, and that if she ever tried to get away from him he would kill her. On the morning of the day of the homicide (Wednesday) he was seen following her and carrying a shotgun; and in the evening he was again seen with her on the road in Thomas county that led to her house, which also was in that county. Soon thereafter a gunshot was heard, and the accused was seen going into his house, then coming out after leaving his gun therein, and then going toward the railroad station; not long after which he was seen accompanying or leading Mary Lee Thomas to the gate of her home. She was bloody, and had a wound in her head, made by birdshot. She was unconscious on Thursday. On Friday she regained consciousness; and while she was conscious the attending physician (who had already told her that she was in bad shape) said in her presence and hearing, to her mother, that she was more apt to die than to live. She was then in a dying condition, though she did not die until the second day afterward. Presently after the physician's statement just mentioned, she said, in answer to his questions, that Mitch Jones shot her, and that she did not know why he did it.

*J. M. Austin,* for plaintiff in error.

*R. A. Denny, attorney-general, C. E. Hay, solicitor-general,* and *Graham Wright,* contra.