## 16535.   JORDAN *v.* THE STATE.

BROYLES, C. J. 1. " 'A prima facie case is all that is necessary to carry dying declarations to the jury. It is an issue of fact whether or not they were made in the immediate prospect of death.' *Varnedoe* v. *State,* 75 *Ga.* 181. It is not necessary that the person whose statements are sought to be introduced should express himself as believing that he is in a dying condition. Consciousness of his condition may be inferred from the nature of his wound, or from other circumstances. *Young* v. *State,* 114 *Ga.* 849." *Anderson* v. *State,* 122 *Ga.* 161; *Jones* v. *State,* 130 *Ga.* 274. *Jones* v. *State,* 150 *Ga.* 775 (1) (105 S. E. 495).

2. Those grounds of the motion for a new trial which complain of the admission in evidence of certain portions of the dying declarations are without substantial merit.

3. The ground complaining of the refusal of the court to give a certain charge is too defective to be considered by this court, since it is not alleged in the ground that the requested charge was pertinent to the issues in the case or that it was authorized by the evidence or the defendant's statement.

4. The other grounds of the motion, as to alleged errors of omission and commission in the charge upon the law of dying declarations, are either without merit or show mere verbal inaccuracies or slips of the tongue, which will be corrected upon another trial.

5. "On the trial of one for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, it is not erroneous for the court, in instructing the jury on the law of voluntary manslaughter, as contained in the Penal Code of 1910, § 65, to fail or refuse to charge in immediate connection therewith the right of the jury to consider words, threats, or menaces in determining whether the circumstances attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger or that a felony was about to be committed upon his person." *Deal* v. *State,* 145 *Ga.* 333 (1) (88 S. E. 573). Under this ruling the 12th ground of the motion is without merit.

6. The excerpt from the charge upon the law of reasonable doubt, complained of in the motion for a new trial, when considered in connection with its context, was not error. *Thomas* v. *State,* 129 *Ga.* 419 (4 *a*) (59 S. E. 246).

7. "The credibility of a witness is to be determined by the jury; and it is error for the court to instruct the jury that if they believe a witness has made previous statements contradictory to his testimony delivered

on the trial, such testimony should be disregarded unless it is corroborated by other credible evidence, or is corroborated by the proven circumstances in the case." *Waycaster* v. *State*, 136 *Ga.* 95 (3), 102, 103 (70 S. E. 886). Under this ruling the charge of the court complained of in the 11th ground of the motion for a new trial was error and requires another hearing of the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 29, 1925.

Conviction of manslaughter; from Bibb superior court—Judge Mathews. April 25, 1925.

*T. A. Wallace, Wallace & Wallace,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

*Judgment reversed. Luke and Bloodworth, JJ., concur*