22157. CARTER *v.* THE STATE.

BROYLES, C. J. 1. "On the trial of one for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, it is not erroneous for the court, in instructing the jury on the law of voluntary manslaughter, as contained in the Penal Code of 1910, § 65, to fail or refuse to charge

in immediate connection therewith the right of the jury to consider words, threats, or menaces, in determining whether the circumstances attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger or that a felony was about to be committed upon his person." *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573); *Coleman* v. *State*, 149 *Ga.* 186(3) (99 S. E. 627); *Jordan* v. *State*, 34 *Ga. App.* 222(5) (129 S. E. 7). Under the foregoing ruling special ground 1 of the motion for a new trial is without merit.

2. The second special ground sets forth an excerpt from the charge and contends that in so charging the court confused the jury by "intermingling the defendant's right of killing in justification and the defendant's right of killing under reasonable fears and in self defense." A careful consideration of the excerpt discloses that it is not subject to the criticism made.

3. The court did not err in refusing to give the instruction set out in special ground 3. So much of the requested charge as was pertinent to the facts of the case was sufficiently covered by the charge given.

4. The judge did not err in refusing the request to charge section 76 of the Penal Code, since he fully instructed the jury as to the law of justifiable homicide and its effect upon their verdict. See *Vincent* v. *State*, 153 *Ga.* 278 (8) (112 S. E. 120); *Worley* v. *State*, 136 *Ga.* 231 (4) (71 S. E. 153).

5. The failure of the court to instruct the jury that a husband and wife shall not be competent or compellable to give evidence in any criminal case for or against each other, was not error, in the absence of a timely and appropriate written request.

6. The evidence, with the legal inferences therefrom, demanded a finding that the homicide was committed in Richmond county, Georgia, and special ground 6 of the motion is without merit.

7. Under the evidence and the defendant's statement, the excerpt from the charge set out in special ground 7 sufficiently covered the several defenses made by the defendant.

8. The judge charged fully and fairly upon the defendant's rights, and his failure to give the instructions set out in special ground 8 was not error, especially since there was no request therefor.

9. In the light of the facts of the case and the charge of the court, the refusal to give the instruction embodied in special ground 9 was not error.

10. The court's charge sufficiently covered section 70 of the Penal Code, and the refusal to charge that section verbatim was not error.

11. "The court having fully instructed the jury upon the law of justifiable homicide, it was not error (especially in the absence of a timely and appropriate written request) to fail to give in charge section 73 of the Penal Code." *Whitaker* v. *State*, 34 *Ga. App.* 175 (2) (128 S. E. 585), and cit.

12. The conviction of the accused not depending wholly upon circumstantial evidence, the failure of the court to instruct the jury upon the law of circumstantial evidence was not error, in the absence of a request therefor.

13. The excerpt from the charge contained in the last special ground, when considered in the light of the remainder of the charge and the facts of the case, is not error for any reason assigned.

238

14. The general grounds of the motion for a new trial, not being argued or insisted upon in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Jenkins, P. J., and Luke, J., concur.*

DECIDED APRIL 30, 1932.

*W. D. Lanier,* for plaintiff in error.
*George Hains, solicitor-general, John M. Graham,* contra.