# 104

## MELTON v. THE STATE.

No. 10428. JANUARY 17, 1935.

*S. B. Lippitt,* for plaintiff in error.

*M. J. Yeomans, attorney-general, R. A. Patterson, solicitor-general, D. M. Parker,* and *Hooper & Hooper,* contra.

BELL, Justice. B. L. Melton was convicted of murder, and was sentenced to life imprisonment. His motion for a new trial was overruled, and he excepted. The deceased was a physician, to whose office the defendant's wife had made occasional visits for medical treatment. The killing occurred in the afternoon of January 25, 1934, while the deceased and others were engaged in a game of golf. The defendant went to the links with a shotgun, and after approaching the deceased with words of denunciation, and stating, "You have wrecked my home," shot and killed him. The evidence did not show any justification or mitigation besides what might be implied in the utterances of the defendant at the time, and these were unexplained except by the defendant in his statement to the jury. The defendant stated that during the night of January 24, his wife told him that the deceased had committed the offense of rape upon her person when she was in his office for treatment on January 12, and had attempted to rape her under like circumstances on January 20. The defendant further stated that his wife explained to him that she had refrained from making the disclosure earlier because she was afraid that he would kill the deceased, and that she had made the final visit to the latter's office in the belief "that she could make him promise to leave her alone." The occasion of the disclosure, the defendant stated, was the illness of his wife on the night of January 24, when he wanted to call the doctor to ease her pain and suffering. The wife protested until the defendant began to question her, with the result that she then divulged the outrages which she claimed to have been committed upon her. The

defendant contended that he killed the deceased, not merely because of the past wrongs, but to prevent a continuation of the same; and that the killing was justifiable under the rule that "all other instances which stand upon the same footing and justice as those enumerated" shall be justifiable homicide. Penal Code, § 75.

■ The defendant sought to introduce his wife as a witness in his behalf, stating, through his counsel, that the wife would testify that she had been raped and assaulted by the deceased, and that she had so informed the defendant, as narrated in his statement. The court refused to allow the wife to testify; and this ruling is made the subject of special complaint in the motion for a new trial. Under the Penal Code of 1910, § 1037, par. 4, the wife was incompetent to testify either for or against her husband in this case; and it necessarily follows that the court did not err in excluding her as a witness, unless the provisions of this section are invalid, as contended by the defendant. At the time of offering the testimony the defendant challenged this section upon the following grounds: that it is unreasonable, contrary to public policy, and violates the due-process and equal-protection clauses of the State and Federal constitutions. There is no merit in any of these contentions. If the statute is not void upon constitutional grounds, it can not be said that it is either unreasonable or contrary to public policy. A constitutional statute can not be declared inoperative because opposed to public policy, since the statute itself determines public policy. Borgnis v. Falk, 147 Wis. 327 (133 N. W. 209, 37 L. R. A. (N. S.) 489) ; Midway Realty Co. v. St. Paul, 124 Minn. 300 (145 N. W. 21, 23). The competency of witnesses is a proper subject for legislative action. *Banks* v. *State,* 124 *Ga.* 15 (5) (52 S. E. 74, 2 L. R. A. (N. S.) 1007). The legislature of this State was acting within the sphere of its authority in declaring the incompetency of the wife as a witness either for or against her husband in a case of this class. In Cargill v. State, 25 Okla. Cr. 314 (220 Pac. 64, 35 A. L. R. 133), it was said: "The reasons given by law textwriters and courts why neither a husband nor wife shall in any case be a witness against the other, except in a criminal prosecution for a crime committed by one against the other, have been stated thus: first, identity of interests; second, the consequent danger of perjury; third, the policy of the law which deems it necessary to guard the security and confidences of private life, even at the risk of an occa-

sional failure of justice, and which rejects such evidence because its admission would lead to domestic disunion and unhappiness; and fourth, because, where a want of domestic tranquillity exists, there is danger of punishing one spouse through the hostile testimony of the other."

In Stein v. Bowman, 38 U. S. 209, 222 (10 L. ed. 129), the common-law rule upon the subject was noticed and commended by the Supreme Court of the United States in the following language: "It is, however, admitted in all the cases that the wife is not competent, except in cases of violence upon her person, directly to criminate her husband, or to disclose that which she has learned from him in their confidential intercourse. This rule is founded upon the deepest and soundest principles of our nature, principles which have grown out of those domestic relations that constitute the basis of civil society, and which are essential to the enjoyment of that confidence which should subsist between those who are connected by the nearest and dearest relations of life. To break down and impair the great principles which protect the sanctities of husband and wife would be to destroy the best solace of human existence." These statements were quoted with approval in Bassett v. United States, 137 U. S. 496 (11 Sup. Ct. 165, 34 L. ed. 762), where the court further said: "We do not doubt the power of the legislature to change this ancient and well-supported rule; but an intention to make such a change should not lightly be imputed. It can not be assumed that it is indifferent to sacred things, or that it means to lower the holy relations of husband and wife to the material plane of simple contract. So, before any departure from the rule affirmed through the ages of the common law—a rule having its solid foundation in the best interests of society—can be adjudged, the language declaring the legislative will should be so clear as to prevent doubt as to its intent and limit." In Mobile &c. Railroad Co. v. Turnipseed, 219 U. S. 35 (31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A. 226, Ann. Cas. 1912A, 463), it was said, "If a legislative provision not unreasonable in itself, prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him." After quoting this statement, the Supreme Court of New Hampshire

in State *v.* Lapointe, 81 N. H. 227 (123 Atl. 692, 31 A. L. R. 1212), commented, with additional citation, as follows: "The above statement is sound when used as a test for violation of the Federal constitution by State legislation relating to procedure, as that has only to do with due process and equal protection of law. . . So far as the Federal constitution is concerned, it 'is within the acknowledged power of every legislature to prescribe the evidence which shall be received, and the effect of that evidence, in the courts of its own government.' Fong Yue Ting *v.* U. S., 149 U. S. 698, 729 (13 Sup. Ct. 1016, 37 L. ed. 905, 918)." In Hawes *v.* Georgia, 258 U. S. 1 (42 Sup. Ct. 204, 66 L. ed. 431), it was held that a State may, without a denial of due process, create by statute a rebuttable presumption of guilty knowledge by the actual occupant of a farm from a finding upon the premises of apparatus for distilling prohibited intoxicating liquors, although, under the local law, a defendant in a criminal case may not testify as a witness, and husband and wife are not competent or compellable in such case to give evidence for or against each other. The law of this State permits a defendant to make in his behalf a statement not under oath, which the jury may believe in preference to the sworn testimony. Penal Code, § 1036. He may introduce other witnesses who are not declared to be incompetent by the lawmaking body. The statute of this State which prohibits a wife from testifying either for or against her husband, except in certain cases, does not operate to deprive the defendant of his life or liberty without due process, and does not violate the equal-protection clause of either the State or the Federal constitution. The statute affects all married men alike. "It is only in cases where laws are applied differently to different persons under the same or similar circumstances that the equal protection of the law is denied." *Baugh* v. *LaGrange,* 161 *Ga.* 80 (2 *a*) (130 S. E. 69).

In the brief filed for the defendant great stress is laid upon the recent decision of the United States Supreme Court in Funk *v.* U. S., 290 U. S. 371 (54 Sup. Ct. 212, 78 L. ed. 369). In that case the defendant was convicted in a Federal district court upon an indictment for conspiracy to violate the prohibition law; and the sole question was whether the common-law rule should be followed, no statute being involved. This is clear from the following statement in the decision: "The final question to which we are thus

brought is not that of the power of the Federal courts to amend or repeal any given rule or principle of the common law, for they neither have nor claim that power; but it is the question of the power of these courts, in the complete absence of congressional legislation on the subject, to declare and effectuate, upon common-law principles, what is the present rule upon a given subject in the light of fundamentally altered conditions, without regard to what has previously been declared and practiced." While the effect of that decision was to hold that the principles stated in Stein v. Bowman, supra, and Bassett v. United States, supra, should not, in the absence of statute, be applied under modern conditions, the decisions in the two cases last mentioned clearly point to considerations which even at the present time would furnish a sufficient basis for legislation touching the competency of the wife as a witness in a case of this kind. In the case at bar this court is bound by a statute, a statute which we deem to be constitutional, and therefore we could not adopt the reasoning of the Supreme Court of the United States in the Funk case, even if we should be inclined to do so. See 93 A. L. R. 1136.

We have stated that the wife's incompetency is a matter of statute in this State. While it is true that the rule as applied in this case is identical with the common law, it is not merely in virtue of the common law that the rule exists in this jurisdiction. By legislative action it has been given the force of a specific statute, and as such it is binding upon courts, in the absence of valid constitutional objection. As to the history of section 1037, par. 4, of the Penal Code as a statute, see *Grier* v. *State,* 158 *Ga.* 321 (123 S. E. 210) ; *Ector* v. *State,* 10 *Ga. App.* 777 (74 S. E. 295) ; Ga. L. 1866, p. 139; Ga. L. 1880-1, p. 121; Ga. L. 1927, p. 145; and compare *Winkler* v. *Scudder,* 1 *Ga.* 108, 132; *Phillips* v. *Solomon,* 42 *Ga.* 192, 196; *City of Atlanta* v. *Gate City Gas-Light Co.,* 71 *Ga.* 106 (1 b) ; *Dale* v. *State,* 88 *Ga.* 552 (15 S. E. 287) ; *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (4) (31 S. E. 531, 42 L. R. A. 518) ; *Harris* v. *Powers,* 129 *Ga.* 74 (2), 85 (58 S. E. 1038, 12 Ann. Cas. 475). The defendant also relies on the decision in *Curtis* v. *Ashworth,* 165 *Ga.* 782 (142 S. E. 111, 59 A. L. R. 1457), where it was held by five Justices that under the statutes of this State, enlarging the rights and functions of married women, a husband can not now be held liable for the torts of his wife to the

same extent as at common law. That decision is not authority in the case at bar. The court there recognized that the rule of the common law had been adopted as a part of the statute law of this State, and held only that the statute which embodied the rule had been impliedly modified by subsequent legislation. The subsequent legislation had reference merely to the civil and political rights of married women, and none of such legislation is so inconsistent with the statute as to the wife's incompetency as a witness in a criminal prosecution against her husband that the latter statute may be held repealed thereby. Furthermore, the legislature amended, and thus recognized the force of, this statute as late as 1927 (Ga. L. 1927, p. 145) ; whereas all of the laws relating to the rights of married women, as cited in *Curtis* v. *Ashworth,* supra, were enacted previously to that amendment. See 35 A. L. R. 1122.

There is no basis for concluding that section 1037, par. 4, of the Penal Code has been impliedly repealed, or that it is not binding upon the courts as a subsisting and valid statute. The court did not err in refusing to permit the wife to testify.

■ Whether or not the jury could rightly have found that the homicide was justifiable, they certainly were not bound to do so. The State introduced witnesses who were acquainted with the location of the physician's office and its surroundings, and who had seen the defendant's wife on occasion of recent visits to this office. This evidence, though circumstantial, tended to refute the charges of misconduct by the physician; and the evidence as a whole did not demand a finding that the charges were true. But to give the fullest credence to the defendant's contentions as to past wrongs, it does not conclusively appear that the killing was necessary, or apparently necessary, to prevent a repetition of such offenses. Even the declaration made by the defendant as a part of the res gestæ indicated a spirit of revenge rather than a purpose to prevent an impending or future wrong; and on the whole it can not be said that the verdict was unauthorized. See, in this connection, *Coart* v. *State,* 156 *Ga.* 536 (5) (119 S. E. 723). The refusal of the court to permit the wife to testify being the only error assigned, and the evidence being sufficient to support the verdict, the judgment refusing a new trial must be affirmed.

*Judgment affirmed. All the Justices concur.*