HOLLEY *v.* LAWRENCE, warden.

Nos. 14212, 14213. SEPTEMBER 18, 1942.

530

*Pierce Brothers,* for plaintiff.

*Ellis G. Arnall, attorney-general, E. L. Reagan, assistant at-torney-general, W. H. Lanier, solicitor-general,* and *M. C. Barwick,* for defendant.

JENKINS, Justice. 1. As the judge hearing the application for habeas corpus by one sentenced to the death penalty correctly held, the questions raised by the attack on an order fixing a new date of execution, after the original judgment had been affirmed (*Holley* v. *State,* supra), became moot because that date had passed before the habeas-corpus hearing; and those questions will not be considered by this court, since any invalidity in such order of resentence "would in no event have entitled [defendant] to a discharge on his petition for habeas corpus, but only to a remand to the trial court for resentence" by fixing a new date of execution (*Smith* v. *Henderson,* 190 *Ga.* 886 (2), 10 S. E. 2d, 921; 16 C. J. 1296, § 3062), which will be necessary irrespective of the merits of any such questions.

2. While an actual denial of the benefit of counsel will afford a ground for issuance of the writ of habeas corpus (*Wilcoxon* v. *Aldredge,* 192 *Ga.* 634, 638, 15 S. E. 2d, 873, and cit.; *Elam* v. *Rowland,* 194 *Ga.* 58, 20 S. E. 2d, 572, 573), and "if appointed attorneys are so ignorant, negligent, or unfaithful that the accused was virtually unrepresented, or did not in any real or substantial sense have the aid of counsel, he would be deprived of a fundamental constitutional right, and if convicted might successfully complain that he had been denied due process of law" (*Williams* v. *State,* 192 *Ga.* 247, 257, 15 S. E. 2d, 219; *Wilcoxon* v. *Aldredge,* supra), there is no merit in that ground. The record shows that the two attorneys who represented the defendant in his trial for murder were experienced, capable members of the bar, employed by the family of the defendant. Their contentions, supported by affidavits, that they were precluded or embarrassed as to proper defenses by adverse rulings and language by the trial judge and by the disorder and hostile attitude of the crowd in the court-house, were contradicted by many counter-affidavits, by the judge presiding at the trial, and by the convicting jurors, the clerk and other officers of the court, and attorneys in attendance or familiar with the ability and experience of counsel. Under this evidence, the judge hearing the habeas corpus was authorized to find against that ground. *Wilcoxon* v. *Aldredge,* 193 *Ga.* 661 (19 S. E. 2d, 499). Furthermore, it appears that on the writ of error from the

refusal of a new trial the defendant was represented, not only by his original counsel, but by additional attorneys including those now representing him in his petition for habeas corpus. See *Holley* v. *State,* supra.

3. "It is the firmly established general rule that the writ of habeas corpus can not be used as a substitute for a writ of error or other remedial procedure to correct errors of law, of which the defendant has had opportunity to avail himself." *White* v. *Hornsby,* 191 *Ga.* 462 (12 S. E. 2d, 875). There is no merit in the attack by the defendant upon the validity of his conviction, on the ground that his wife, an alleged eye-witness of the homicide, would have testified in the trial that he killed the deceased while defending himself from an iron bar, but that under the Code, § 38-1604, she was precluded as a wife from so testifying, and that under § 38-415 he was precluded from testifying under oath, and permitted only to make an unsworn statement to the jury, and that on both grounds he was denied the rights guaranteed by the 14th amendment to the Federal constitution, and by the State constitution. This is true, since it appears from evidence for the defendant at the habeas-corpus hearing that the wife was present in the court-room at the homicide trial, and there is nothing in the record to indicate any tender of her testimony or of sworn testimony by the defendant, so as to show a denial of the benefits of either of the alleged rights, irrespective of their merit. As to the incompetency of the wife to so testify, and the constitutionality of Code § 38-1604, so declaring, see *Melton* v. *State,* 180 *Ga.* 104 (178 S. E. 447).

4. The allegation of the petition that counsel did not present the wife to testify, because of "their ignorance or overwhelming fear," is not supported by the present record or the record in the previous trial (191 *Ga.* 804, supra), which shows the numerous questions raised by counsel at that trial. The allegation is further contradicted by testimony for the State at the habeas-corpus hearing, as above stated, from which the judge was authorized to find adversely to the petitioner.

5. For the reasons stated in the two paragraphs next preceding, the judge did not err in denying the wife's petition to intervene in the husband's application for habeas corpus, on the ground that she has an interest in his life, of which she is about to be deprived,

and that she was precluded, under the Code, from testifying in his behalf at the homicide trial, since, irrespective of any question as to her right to intervene, the contention as to her right to testify was also embodied in the husband's petition for habeas corpus, and there is nothing in either petition to show that her testimony was tendered and its admission was refused.

6. Under the preceding rulings, the court properly denied the application of the defendant for his release on habeas corpus.

*Judgment affirmed in both cases. All the Justices concur.*