PLUMMER *v.* THE STATE.

No. 15438.   MAY 9, 1946.

J. A. *Merritt,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. W. Larsen, Solicitor-General,* and *Rubye G. Jackson,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ The argument made by counsel for the plaintiff in error (herein called the defendant), in support of the contention that the trial court should have granted a new trial on the general grounds, is that the State failed to show that the defendant ever at any time had any malice or any intention of harming the deceased.

If the only evidence of the homicide had been the statement of the defendant that he committed the homicide, carrying with it circumstances which, if believed by the jury, would have shown the homicide to have been accidental, this argument might be persuasive, since a presumption of intention to kill does not arise in cases where the only proof of the homicide carries in immediate connection therewith circumstances which would amount to a modification or justification of the act. *Green* v. *State,* 124 *Ga.* 344 (5) (52 S. E. 431). In the present case, however, other evidence was introduced to prove the killing by the defendant—the dying declarations of the deceased, as related by her father and sister. While there was certainly nothing in this evidence to show any conceivable motive for taking the life of a fellow crea-

ture, it was sufficient to show an unlawful killing, without circumstances of justification, mitigation, or excuse. In *Campbell* v. *State,* 124 *Ga.* 432 (5) (52 S. E. 914), it was held: "In a trial for murder it is not necessary for the State to prove a motive for the crime in order to support the presumption of malice which arises from proof of an unlawful killing." And in a discussion of that case, the court said: "Common experience proclaims that many murders are committed where there is no apparent motive other than that which springs from an abandoned and malignant heart. . . The law presumes malice from an unlawful killing, and dispenses with the necessity of a motive to support the presumption."

Proof of an unlawful killing committed by the person charged, by using a deadly weapon in a manner likely to produce death, will raise a presumption of malice and the intention to kill. *Moon* v. *State,* 68 *Ga.* 688 (7); *Weeks* v. *State,* 79 *Ga.* 37 (5) (3 S. E. 323); *Flannigan* v. *State,* 135 *Ga.* 221 (4) (69 S. E. 171); *Barbee* v. *State,* 175 *Ga.* 307 (165 S. E. 232). The evidence in the present case was sufficient to authorize the verdict.

■ Special ground 1 of the motion for new trial, assigning error on the admission of evidence in response to an inquiry as to the whereabouts of certain State's witnesses, who had testified before the grand jury, will be treated as abandoned, since it was not mentioned in the brief of counsel for the accused, and no oral argument was made.

■ Special ground 2 complains that the court admitted in evidence dying declarations of the deceased, testified to by Linton Lattimore, over the objection of the defendant that the proper foundation had not been laid for their admission. The evidence of this witness as to dying declarations of the deceased is set out in the statement of facts. No contention is made in this ground that the statements of the deceased, quoted by Linton Lattimore, were not made while in a dying condition and in the apprehension and immediate prospect of death, the only objection being that they were admitted without a proper foundation having been laid for their admission.

The deceased was shot on Friday night, and the statements were made shortly afterwards, while she was on her way to the hospital. She died on Monday morning. An examination of the

record shows that, before the court allowed the declarations in evidence, the witness stated: "I believe she realized the seriousness of her wound. . . She was shot once, and that was right in her stomach. She realized she was going to die."

The evidence was sufficient to make a prima facie case for the introduction of statements made by the deceased, as dying declarations. The court properly instructed the jury that they could consider the statements only if they determined them to have been made by the deceased while she was in a dying condition, and if she knew at the time the declarations were made that she was in such condition. See *Dumas* v. *State*, 62 *Ga.* 58 (2); *Young* v. *State*, 114 *Ga.* 849 (2) (40 S. E. 1000); *Anderson* v. *State*, 122 *Ga.* 161 (50 S. E. 46); *Jefferson* v. *State*, 137 *Ga.* 382 (3) (73 S. E. 499); *Sisk* v. *State*, 182 *Ga.* 448 (4) (185 S. E. 777).

█ Special ground 3 complains that the court erred in not giving in charge to the jury the sections of the Code dealing with manslaughter, voluntary manslaughter and the punishment therefor, involuntary manslaughter and the punishment therefor. The State's evidence showed that the homicide was an unprovoked murder. The defendant in his statement claimed that it was unintentional, and the result of an accident. Therefore there was no grade of manslaughter in any way involved in the case, and the court did not err in failing to charge the sections listed.

*Judgment affirmed. All the Justices concur.*