**PORCH v. CAGLE, Sheriff.**

No. 13994.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1952.

Joseph S. Crespi, Atlanta, Ga., for appellant.

R. L. Addleton, Asst. Atty. Gen. of Ga., Eugene Cook, Atty. Gen. of Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal is from an order denying an application of appellant, Rogers Henry Porch, a prisoner in custody pursuant to the judgment of a Court of the State of Georgia, for a writ of habeas corpus. Appellant was convicted of the crime of rape

and sentenced to be executed. From the denial of a motion for a new trial, appellant sought a review of his conviction by the Supreme Court of Georgia. That Court affirmed the judgment. A motion for rehearing was denied. Porch v. State, 207 Ga. 645, 63 S.E.2d 902. The Supreme Court of the United States denied certiorari. Porch v. Georgia, 341 U.S. 954, 71 S.Ct. 1005, 95 L.Ed. 1376.

In his petition for the writ of habeas corpus sought in the United States District Court for the Northern District of Georgia, the appellant contended that the speed with which he was hurried to trial over the objections of his counsel rendered the trial, conviction and sentence illegal and void in that it amounted in effect to a denial of due process and a failure to afford counsel, as a result of which the trial court lost jurisdiction to proceed. Another point, attacking the validity of the proceedings because of the claimed systematic exclusion of negroes from the jury list in Pickens County, Georgia, was expressly abandoned in the Federal Court. Apparently in recognition of the necessity for showing an exhaustion of State remedies, the petitioner in the Federal Court contended that the presentation and insistence upon the motion for continuance in the State Court, both prior to trial and as grounds of a motion for new trial subsequently urged in the trial Court and before the Supreme Court of Georgia, whereby it was contended that this motion for continuance had been improperly denied and the defendant-appellant rushed into trial without adequate time for preparation, was the same as if these questions had been submitted to the State Court by an application for a writ of habeas corpus so that the decisions of these questions constituted, to all intents and purposes, a ruling by the State Courts upon the identical points which would have been presented in such a State habeas corpus proceeding so that "he has for all practical purposes and intents been heard on the very question by the State trial court and the highest appellate court and that they have each and both reviewed the very challenge of petitioner and have in each instance denied him any relief and denied his not having received adequate time for the preparation of his case, time with counsel, etc." He therefore asserted that it would be idle and useless to seek relief from the State Court on these errors, in that the same Judges would naturally adhere to their former opinions and judgments that there was no error in the overruling of the motion for a continuance. The Federal Judge to whom the present application for writ of habeas corpus was presented was of the opinion that the contentions of the petitioner were correct and showed an exhaustion of State remedies and that it was not necessary for the appellant to file a petition for the writ of habeas corpus in the State Courts. Upon consideration of the facts adduced at a full hearing, the Court made findings of fact and entered conclusions of law on the merits, upon which it was adjudged that no Federal right had been denied to the appellant by the Georgia Courts and the prayer for the writ of habeas corpus should be denied.

We think it is clear that the petitioner failed to show an exhaustion of State remedies as required by the statute,[1] and the trial Court therefore erred in holding to the contrary. The admitted failure of the appellant to present to the State Courts by application for the writ of habeas corpus the same contentions as presented to the Federal Court by the present application

---

1. Title 28 U.S.C. § 2254: "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

for the writ of Habeas Corpus can not be excused, nor held to constitute an exhaustion of State remedies, upon the mere surmise or assumption that, since the State Courts found no error in the order overruling the motion for continuance when presented by direct appeal, they would rule to the same effect upon the point presented by habeas corpus that the trial, conviction and sentence were void because the Court lost jurisdiction because of the deprivation of specified Constitutional rights, as now sought to be urged.

⬛ The purpose of the statute requiring an exhaustion of State remedies and the decisions from which it evolved,[2] evidence clear recognition of the importance of the principle of comity, which properly should, and must, be scrupulously regarded and obeyed to prevent unseemly conflict between the State and Federal Courts, and, additionally, recognition of the rule that "orderly federal procedure under our dual system of government demands that the state's highest courts should ordinarily be subject to reversal only by [the Supreme Court of the United States]."[3] Even before the Hawk case, supra, in Johnson v. Wilson, 5 Cir., 131 F.2d 1, in which the petitioner had been convicted of rape and sentenced to death in a State Court of Alabama, this Court affirmed the dismissal of the habeas corpus petition in the Federal Court where it appeared that the conviction had been affirmed by the Supreme Court of Alabama and the U. S. Supreme Court had denied certiorari, but the petitioner had not applied to the State Courts for the writ of habeas corpus before seeking such relief in the Federal Court.[4] Consideration of these fundamental principles requires the holding that where the State law provides the remedy of habeas corpus, or otherwise,

by which the prisoner may raise the precise question that his conviction and sentence was obtained in violation of the Constitution of the United States as a consequence of which the trial Court lost jurisdiction, and thus was without jurisdiction, so that the proceeding and consequent sentence was not only irregular, but void, until such proceeding is had in the State Court, pursued by appeal to, and including, the Supreme Court of the United States, he can not validly claim to have exhausted his State remedies, as required by the statute. Section 2254, supra. Furthermore, in this case it does not appear that the Federal constitutional question has ever been presented to the State Court. It was certainly not ruled upon by the Supreme Court of Georgia in the decision upon appeal from the order denying the appellant's motion for new trial. Consequently, it can not be said that the precise point was distinctly ruled by the State Appellate Courts. The right to the writ of habeas corpus is recognized by the Constitution of Georgia,[5] and provisions implementing the constitutional guaranty are provided by the Georgia Statutes.[6] Thus the remedy by application for the writ of habeas corpus to the State Courts is provided by State law. It has been often employed by State prisoners in similar dire circumstances as those which confront the petitioner.[7] It may be assumed that the ruling of the trial Court that it is not necessary for the petitioner to file an application for a writ of habeas corpus in the Georgia State Courts before seeking such relief in the Federal Court was predicated upon the claim that such procedure would be ineffective. It does not appear whether this conclusion was based upon the theory of appellant that since his conviction had been reviewed by the sentencing Court and

---

2. Ex parte Hawk, 321 U.S. 114, 64 S. Ct. 448, 88 L.Ed. 572; see Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 597, 94 L.Ed. 761, and citations.

3. Darr v. Burford, supra.

4. See also McGarty v. O'Brien, 1 Cir., 180 F.2d 987.

5. Article I, § 1, paragraph XI. Title 2, Section 111, Code of Georgia.

6. Georgia Code of 1933, Title 50, Section 101 et seq.

7. See Wilcoxon v. Aldredge, 192 Ga. 634, 15 S.E.2d 873, 146 A.L.R. 365; Holley v. Lawrence, 194 Ga. 529, 22 S.E.2d 154; Morris v. Peacock, 202 Ga. 524, 43 S.E.2d 531.

868

the Georgia Supreme Court it would be futile to pursue the available remedy in those Courts, or upon the theory likewise urged that due to the impending execution of the sentence and the possibility that appellant might be removed to another jurisdiction within the State, extraordinary circumstances existed which required prompt Federal intervention. While the statute authorizes consideration by the Federal Court where State procedure is determined to be ineffective, and likewise where extraordinary circumstances exist, neither ground is present here. We have heretofore ruled contrary to the appellant's contention that the State procedure would be ineffective. The position that extraordinary circumstances are present because of the prisoner's objection to transfer to another county and the imminence of his execution is likewise without merit. Even the imminence of the execution of the sentence of death does not, in itself alone, sustain the qualification of extraordinary circumstances which are required to warrant the intervention of a Federal Court in the stay of a criminal proceeding,[8] where such an individual is provided with a remedy under State law to challenge the total invalidity of the proceeding against him. Those who pursued the remedy of habeas corpus in the State Court in the decisions above cited[9] were likewise confronted, as is the present unfortunate petitioner, with the ghastly prospect of the execution of a sentence of death.

The circumstances here present a case of failure of the appellant to exhaust State remedies before appealing to the Federal Court. The trial Court should not have passed upon the merits of the petition, but should have dismissed the same. Its judgment denying the writ is reversed and the cause remanded with direction to dismiss the application for the writ without prejudice to the rights of the petitioner to proceed to assert his contentions by application to the State Court.

Judgment reversed with direction.

8. Johnson v. Wilson, supra; United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 3 Cir., 187 F.2d 615.