## 35043. WAYE *v.* THE STATE.

DECIDED FEBRUARY 24, 1954.

*R. S. Wimberly, Carlton Brown,* for plaintiff in error.

*Charles Burgamy, Solicitor-General,* contra.

CARLISLE, J. ■ In special ground 13 (numbered 17) error is assigned upon the trial court's refusal to give the following timely written request to charge: "I charge you that in criminal cases husband and wife cannot testify either for or against each other and in this case the wife of the accused is not competent to testify either for or against her husband and the law will not permit her to be sworn as a witness and give any testimony in the case." The defendant insists that he was entitled to this charge because it appeared both from the evidence and the defendant's statement to the jury that his wife was present at the time and place of the homicide, and the jury might infer from the wife's failure to testify that her testimony would be inimical to her husband in the absence of the requested instruction, which would have prevented the jury's drawing any such inference.

It is well settled that a wife is incompetent to testify against her husband, except in certain cases which are immaterial here. Code § 38-1604; *Ector* v. *State,* 10 *Ga. App.* 777 (74 S. E. 295); *Allen* v. *State,* 60 *Ga. App.* 248 (3 S. E. 2d 780); *Holley* v. *Lawrence,* 194 *Ga.* 529 (22 S. E. 2d 154). "Although such is the law, ordinarily there is no occasion that the jury should be instructed upon the subject. But there may be facts developed at

the trial of such a nature that a jury might draw an unfavorable inference from the failure of the wife to testify, unless they were instructed as to her competency." Fisher *v.* United States, 32 Fed. 2d 602; People *v.* Reno, 324 Ill. 484 (155 N. E. 329) ; People *v.* Witte, 350 Ill. 558 (183 N. E. 622).

It appears from the evidence and Waye's statement to the jury that his wife was present at the time and place of the homicide. Among Waye's numerous defenses to the charge of murder was that contained in Code § 26-1013, that he killed Williams in defense of his home and family. In his statement to the jury Waye stated that he broke loose from Williams and ran home, and his wife opened the door for him and slammed the door in Williams' face as he was attempting to follow him into the house, and his wife stated to Williams at that time that he could not come into the house. Waye also stated that, at another stage of the altercation between him and Williams, Williams was blundering around outside his house, and that he and his wife, who was holding their baby in her arms, went onto the porch of their house, at which time Williams advanced upon them with an object in his hand which Waye thought to be a gun; that he begged Williams not to shoot his wife and baby, but Williams continued to advance upon him; and that he then fired upon Williams. In the absence of the instruction contained in the timely written request to charge, the jury may well have drawn the unfavorable inference that, if these statements by Waye had been true, he would have put his wife on the stand to corroborate him, and that his failure to do so was the result of his fear that her testimony would be inimical to his defense.

While the cases upon which we have relied as stating the applicable rule in this case are from other jurisdictions than our own, and are therefore not binding upon us, we think that, in cases of this nature, the rule applied in those cases is a beneficent and salutary one and one calculated to assure a defendant a fairer trial than would be had if doubt were left in the jury's mind as to why the wife who was present did not testify. We find no ruling in Georgia to the contrary, and in at least two cases both this court and the Supreme Court have rather indicated that in a proper case a refusal of such a requested charge would constitute reversible error. See *Hall* v. *State,* 141 *Ga.* 7 (6) (80 S. E.

307), where it was held that the trial court's failure to give in charge a similar request was cured by an earlier ruling during the course of the trial that a wife is incompetent to testify for or against her husband; and see *Carter* v. *State,* 45 *Ga. App.* 236 (5) (164 S. E. 210), in which this court held that "the failure of the court to instruct the jury that a husband and wife shall not be competent or compellable to give evidence in any criminal case for or against each other, was not error, *in the absence of a timely and appropriate written request.*"

Under the circumstances which we have indicated above, and in view of the fact that the question of the defendant's guilt or innocence is very close in this case, we think that a new trial is mandatory.

■ Except as indicated above, the trial court's charge was full and fair when considered as a whole; the requests to charge contained in special grounds 9, 10, 11, 12 (numbered 12, 14, 15, and 16) were covered by the charge, and the criticisms of the charge contained in special grounds 3, 4, 5, 6, 7 and 8 (numbered 6, 7, 8, 9, 10, and 11) are not meritorious.

■ The alleged improper remarks and improper argument by counsel for the State are not likely to recur on another trial and no decision is made here with reference to special grounds 1 and 2 (numbered 4 and 5).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*